63 So.2d 630 (1953)
Petition of KEARNEY.
Supreme Court of Florida, en Banc.
March 13, 1953.
M.M. Kearney, in pro. per.
E. Snow Martin, Lakeland, W.G. Ramseur and Jack Clark, St. Petersburg on behalf of Committee on Unauthorized Practice of Florida Bar, respondent.
TERRELL, Justice.
Petitioner informs the Court that he is a citizen and resident of the State of Florida, that he is a member in good standing of the Bar of the United States Supreme Court, the Tax Court of the United States and is authorized to practice before the United States Treasury Department. He desires to practice in Florida as "Federal Tax Counsel" limited to appearance before the Federal Courts and Departments or Commissions enumerated above. He prays to be advised whether or not such practice is within the jurisdiction of the State Courts or is within the exclusive jurisdiction of the Federal Courts and Commissions before whom he proposes to practice.
His petition was referred to the Florida Bar Committee on Unauthorized Practice with request for findings of fact and law, including recommendations. Such findings were duly made and a copy thereof mailed to petitioner at his given address and at two other addresses but each time they were returned "unknown" or "moved".
The committee found that the practice contemplated by petitioner was not governed exclusively by rules of the United States Courts and Departments but that this Court had jurisdiction of the petitioner and that the rules of procedure and the laws of Florida require that he be a member of the Florida Bar to practice here.
We approve the finding and recommendation of the Committee. Section 2, Article II of the Integration Rule, Florida Bar, 31 F.S.A., provides:
"2. No person shall engage in any way in the practice of law in this state unless such person is an active member of the Bar, in good standing, except that a practicing attorney of another state, in good standing, who has professional business in a court of record of this state may, upon motion, be permitted to practice for the purpose of such business only, when it is made to appear that he has associated and appearing with him in such business an active member of the Bar."
Section 454.23, Florida Statutes 1951, F.S.A., imposes a penalty on any one who practices law or holds himself out as a practicing attorney before qualifying to do so under the laws of Florida. Said statute and the quoted rule define the policy of the state in reference to the matter. The rules governing practice before the Tax Court and Treasury Department of the United States recognize this as general policy even though there may be rare exceptions.
The American Bar Association is committed to like policy and holds, as do many states, that practice before the Tax Court and Treasury Department of the United States may constitute the practice of law which may be enjoined if attempted by one not admitted to practice. In the Matter of New York County Lawyers Association (In re Bercu), 273 App.Div. 524, 78 N.Y.S.2d 209, 9 A.L.R.2d 787; Gardner v. Conway, 234 Minn. 468, 48 N.W.2d 788; People ex rel. Chicago Bar Ass'n v. Goodman, 366 Ill. 346, 8 N.E.2d 941, 111 A.L.R. *631 1; Stack v. P.G. Garage, Inc., 7 N.J. 118, 80 A.2d 545.
It follows that those who hold themselves out to practice in any field or phase of law must be members of the Florida Bar, amenable to the rules and regulations of Florida Courts. It is accordingly our view that petitioner must qualify to practice law in this State if he would engage in the practice he contemplates.
It is so ordered.
HOBSON, C.J., and THOMAS, SEBRING, ROBERTS, MATHEWS and DREW, JJ., concur.