154

MDG SUPPLY, INC., A HAWAII CORPORATION *v.* MARQUIS CALMES, ET AL., AS TRUSTEES OF DIVERSIFIED INVESTMENTS, INC., A DISSOLVED HAWAII CORPORATION, WILLIAM S. ELLIS, JR., AND FLORENCE ELLIS.

No. 4929.

JULY 17, 1970.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

*Per Curiam.* MDG Supply, Inc., brought action to cancel a warranty deed from Diversified Investments, Inc., to William Ellis as a conveyance in fraud of creditors. The deed purported to convey certain real property which was already subject to a court ordered sale to satisfy a judgment obtained by appellant. The lower court dismissed the action as barred by HRS § 416-33 since it was not brought within 90 days of the recording of the deed.

We reverse. HRS § 416-33 allows a corporation to make a voluntary transfer of all or substantially all of corporate assets by affirmative vote of three-fourths of the stockholders, rather than unanimous approval as required

by common law. The enforcement section of this statute provides: "No action or suit to set aside a sale, lease, or exchange by a corporation on the ground that this section has not been complied with, or upon any other ground, shall be brought more than ninety days after the recording of the instrument * * *." It is clear from the legislative history, and from the plain reading of the statute, that it is intended to apply only to actions by stockholders. See 1937 Senate Journal, 295-296. It does not apply to actions by creditors of the corporation to set aside a conveyance in fraud of creditors. Cf. *Long Const. Co.* v. *Empire Drive-In Theatres, Inc.*, 208 Cal. App. 2d 726, 25 Cal. Rptr. 506 (1962).

Reversed, and case is remanded for proceedings consistent with this opinon.

*John T. Vail* (*B. Martin Luna* on the briefs, *Ueoka & Vail* of counsel) for appellant.

*William S. Ellis, Jr.*, appellee, pro se.

*Ralph E. Corey*, for appellees except *William S. Ellis, Jr.*, present but did not argue.