In the Matter of the Unauthorized Practice of Law of MR. WILLIAM S. ELLIS, JR., Trustee for the Creditors and Shareholders of Kula Development Corporation

NO. 5044

MAY 3, 1974

RICHARDSON, C.J., LEVINSON, KOBAYASHI and OGATA, JJ., and CIRCUIT JUDGE VITOUSEK ASSIGNED TEMPORARILY BY REASON OF VACANCY

*Per Curiam*. As one of the very few and unique exceptions to the general rule that one not licensed to practice law before this Court is absolutely forbidden to engage in legal practice within this State, we held in *In Re Ellis*, 53 Haw. 23, 31, 487 P.2d 286, 291 (1971), *cert. den.*, 405 U.S. 1075 (1972), that Mr. William S. Ellis, Jr., as trustee for the creditors and stockholders of Kula Development Corporation, a dissolved Hawaii corporation, might continue to render services of a legal nature to the dissolved corporation, providing that a determination of imperative financial necessity therefor be subsequently made by a master to be appointed pursuant to an order of this Court.

The key subsequent events relevant to, and following, our

decision in *In Re Ellis, supra,* are noted chronologically, *infra.* As all events pertinent herein are matters of record and, as there is, and can be, no disputation made as to the facts stated with reference to these events, we think it eminently proper to take judicial notice thereof.

(a) In an order filed August 10, 1971, pursuant to our opinion in *In Re Ellis, supra,* Mr. Ellis was enjoined from engaging further in the unauthorized practice of law, except as should be necessarily incident to an appearance (as trustee for the creditors and shareholders of the dissolved Kula Development Corporation) before a master to be designated by the assignment judge of the circuit court, first circuit.

(b) The Hon. Masato Doi, a judge of the circuit court, first circuit, having been designated as master on August 12, 1971, the matter of the financial status of Kula Development Corporation came on for initial hearing September 9, 1971. Mr. Ellis declined to appear before Judge Doi in a letter to Judge Doi, received September 9, and Judge Doi subsequently filed a notice with this Court that, in light of the knowing refusal of Mr. Ellis to appear in his capacity as sole trustee for the creditors and shareholders of Kula Development Corporation, he (Judge Doi) was unable to make an intelligent assessment of the corporation's financial condition.

(c) Subsequent to, and because of, the above noted events, Mr. Ellis, as such trustee, was permanently enjoined from engaging further in the unauthorized practice of law, by final judgment of this Court, filed September 23, 1971.

(d) Beginning in April, 1973, and extending at least through May 17, 1973, Mr. Ellis, as such trustee, filed in the United States District Court for the District of Hawaii, numerous papers, signed by him, including but not limited to, various petitions, requests for service, complaints, claims, joinder in pleadings and cross-claim, appearances, objections to motions, suggestion of recusal, motions to disqualify opposing counsel, other and novel forms of legal pleading — together with legal memoranda and appendices thereto. We conclude that these papers were prepared by Mr. Ellis himself.

(e) On February 6, 1974, pursuant to a motion filed there-

for, this Court issued to William S. Ellis, Jr., respondent, an order to show cause why he should not be held in contempt of court for violation of the injunction embodied in this court's final judgment of September 23, 1971, *supra* (c), in the particulars summarized, *supra* (d), and detailed in an 85 page affidavit in support of the motion for such order to show cause, service of which motion and affidavit on Mr. Ellis having been made December 26, 1973.

(f) Subsequently, at our request, an *amicus curiae* brief was filed by the State Attorney General, a counter-affidavit in opposition to the charge of contempt was filed by respondent Ellis, and other supplemental and answering memoranda were filed with this Court. The counter-affidavit of respondent Ellis admits and does not dispute any of the matters of record in the federal court, *supra* (d), detailed in the affidavit filed in support of the motion for an order to show cause. This matter was argued before us, March 12, 1974, the designated return date for the order to show cause.

There can be, and is, no doubt that Mr. Ellis has openly and continually ignored the order of this Court, dated September 23, 1971, enjoining him from the further unauthorized practice of law. We further observe, based upon the record and the circumstances of this case, as well as of the other cases in this Court in which Mr. Ellis has appeared *pro se*,[1] that the violations of this Court's final judgment of September 23, 1971, were not innocent, but rather that respondent Ellis intentionally, knowingly, and wilfully flouted the terms of said final judgment.

Said final judgment was absolute and unambiguous in its terms and provided clearly as follows:

IT IS HEREBY ORDERED AND ADJUDGED that William S. Ellis, Jr., trustee for the creditors and stockholders of Kula Development Corporation, is perma-

---

[1] *See, Harada v. Burns*, 50 Haw. 528, 445 P.2d 376 (1968), *cert. den.*, 393 U.S. 1106 (1969); *Ellis v. Crockett*, 51 Haw. 45, 451 P.2d 814 (1969); *MDG Supply v. Diversified Investment*, 51 Haw. 375, 463 P.2d 525 (1969), *cert. den.*, 400 U.S. 868 (1970); *MDG Supply v. Ellis*, 51 Haw. 480, 463 P.2d 530 (1969); *MDG Supply v. Calmes*, 52 Haw. 154, 472 P.2d 499 (1970).

nently enjoined from engaging further in the unauthorized practice of law.

The order is neither expressly nor impliedly limited in applicability to the state court system only. There is, and can be, no colorable argument made that the order is so limited by its actual terms. Furthermore, there can be no doubt that the "practice of law" engaged in by Mr. Ellis in the federal district court of this State is legally tantamount to the practice of law within this State and is thus covered by the orders and rules of the state's highest court regarding the practice of law, *Petition of Kearney*, 63 So. 2d 630 (Fla. 1953). Therefore, said "practice of law" is controlled by the injunctive order embodied in our final judgment of September 23, 1971, and Mr. Ellis is in violation thereof.

The only remaining questions then are (1) whether this Court, the highest court of the State of Hawaii, has the authority to enjoin a person's unauthorized practice of law in a federal forum, and then (2) whether action taken by this Court, the highest court of the state of Hawaii, to punish for violation of such an injunction is proper as not inconsistent with any exclusive jurisdiction vested in the federal district court. The answers to both of these legal questions are in the affirmative. *In Re Lyon*, 301 Mass. 30, 16 N.E.2d 74 (1938). That case, which we find very persuasive, clearly held that the highest judicial court of a state has jurisdiction to control the unauthorized practice of law in a federal forum.

> The regulation in the public interest of occupations and professions such as those of law, medicine and others which, if uncontrolled, may develop methods and practices inimical to the public welfare, is historically and logically, and we think also legally, a matter primarily of State concern. . . . When such practice is carried on by unauthorized persons the resulting evils are the same and reach out into the community in the same way as if the subject matter related to litigation in State courts. It would be almost impossible to separate the practice of law by persons practicing in both jurisdictions into two watertight compartments and regulation based upon an attempt to do so involving joint or complementary action

by each jurisdiction as to each item of conduct would be weak and ineffectual. 301 Mass. at 34-35, 16 N.E.2d at 76.

With regard to the second issue, as to whether the highest state court could enforce a law forbidding practice of law by unauthorized, unlicensed persons, *In Re Lyon, supra,* held that it could.

> [W]e see no reason why our policy or statute should give way in favor of persons who seek to escape State regulation of the practice of law on the ground that their practice is within the field of Federal jurisdiction, when they are not authorized to practice in that jurisdiction. Within these limits enforcement of our act according to its terms does not interfere with any Federal function. 301 Mass. at 35-36, 16 N.E.2d at 77.

The *Lyon* court further noted that, lacking, as do we, any inclination to interfere with federal court proceedings, it would, of necessity, yield to "any valid rule, order or established practice of the federal courts controlling the practice of law in respect to matters within their jurisdiction." 301 Mass. at 35, 16 N.E. 2d at 77. Here, there are no such conflicting rules, conflicting orders, or conflicting federal court practices. There can be no such conflict for the reason that the United States District Court for the District of Hawaii by its own rules depends on this Court to determine who may or may not practice law before it.[2]

For his violation of the injunctive order in the final judgment of this Court, filed September 23, 1971, *supra* (c) in the manner set forth in summary form, *supra* (d), which is a violation of S.L.H. 1972, Act 9, § 1, sec. 1077(1)(g), this Court, electing to proceed under S.L.H. 1972, Act 9, § 1 sec. 1077(3) (b), and all pertinent facts herein being undisputed as matters of court record, and susceptible of judicial notice, and no provision of HRS ch. 605 requiring otherwise by virtue of

---

[2] Rule 1 of the *Rules for the United States District Court for the District of Hawaii* provides in essence that, with the exception of instances not here relevant, only those who are permitted to practice in the state court system may practice in the federal district court. It is evident, then, that Mr. Ellis's practice of law before the federal district court was improper under the final judgment of this Court enjoining him from the further unauthorized practice of law. Rule 1(b), *Rules for the United States District Court for the District of Hawaii.*

HRS § 605-16.

IT IS HEREBY ADJUDGED that Mr. William S. Ellis, Jr., stands in contempt of this Court, and,

IT IS HEREBY ORDERED that Mr. William S. Ellis, Jr., pay a fine of $250 to the Chief Clerk of this Court on or before June 10, 1974.

*Edward A. Jaffe (Cades, Schutte, Fleming & Wright* of counsel) for the motion.

*William S. Ellis, Jr., pro se,* contra.

*Nelson S. W. Chang,* Deputy Attorney General, for State of Hawaii, *amicus curiae.*

