ALEXANDER T. SAKAMOTO, Petitioner, *v.* THE HON-ORABLE ROBERT WON BAE CHANG, as Judge of the First Circuit Court of the State of Hawaii, WILLIAM OKU, as Administrator of Halawa Correctional Facility, and STATE OF HAWAII, through Ronald Y. Amemiya, Respondents

NO. 5986

SEPTEMBER 17, 1975

RICHARDSON, C.J., OGATA, MENOR, KIDWELL, JJ., and KAWAKAMI, Circuit Judge, in place of KOBAYASHI, J., disqualified

448

*Per Curiam.* On September 3, 1975, a petition for a writ of habeas corpus was filed with this Court. Subsequently, on that same day, we issued an order to the Honorable Robert Won Bae Chang, as Judge of the First Circuit Court of the State of Hawaii, hereinafter referred to as "Respondent," to show cause, why a writ of habeas corpus should not issue releasing the petitioner, Alexander T. Sakamoto, on reasonable bail.[1] The petition further prayed that this Court, in the alternative, determine the reasonable amount of bail for the petitioner who is now charged under an indictment returned by the grand jury on July 9, 1975, with murder in the first degree,[2] an offense punishable by life imprisonment not sub-

---

[1] The petition also named William Oku, as administrator of Halawa Correctional Facility, and State of Hawaii, through Ronald Amemiya, as nominal respondents.

[2] Petitioner was indicted under HRS §§ 748-1 and 748-4, which were in effect on October 23, 1970, the date when the alleged murder took place. These sections were superseded by the Hawaii Penal Code enacted by Act 9, S.L.H. 1972, which took effect on January 1, 1973. The subsequent amendments to sections of the Hawaii Penal Code have been published in supplements to HRS for volume 7, but the code in its entirety has never been published in any supplement. Sec. 101 of the Hawaii Penal Code states that:

"Sec. 101 — *Applicability to offenses committed before the effective date.*

(1) Except as provided in subsections (2) and (3), this Code does not apply to offenses committed before its effective date. Prosecutions for offenses committed before the effective date are governed by the prior law, which is continued in effect for that purpose, as if this Code were not in force. . . ."

Subsection (2) is not applicable to this case at this time and subsection (3) is inapplicable.

ject to parole.[3]

HRS § 709-3[4] provides:

"§709-3 *Bailable offenses*. All persons charged with criminal offenses shall be bailable by sufficient sureties, unless for offenses punishable by imprisonment for life not subject to parole, when the proof is evident or the presumption great."

We had occasion to construe the last phrase, "when the proof is evident or the presumption great," of this statute in *Bates v. Hawkins*, 52 Haw. 463, 478 P.2d 840 (1970). We there stated that such a test is met "when the circumstances disclosed indicate a *fair likelihood* that the accused is in danger of a jury verdict of an offense punishable by imprisonment for life not subject to parole." 52 Haw. at 467, 478 P.2d at 842.

Initially, bail was set in this case by a circuit judge at $300,000. The record does not show that any hearing was held before bail in this amount was fixed. On August 4, 1975, the petitioner filed a motion for reduction of bail which was heard by the Respondent on August 7, 1975, together with a motion for revocation of bail filed by the State. After the conclusion of the consolidated hearing, the Respondent denied both motions.

It is alleged in the petition that the "detention and restraint is unlawful since bail in the amount of $300,000 . . . is excessive and therefore unlawful." It is also averred by the petitioner that the failure of the Respondent to reduce the original amount of the bail constitutes an abuse of discretion and that such detention and restraint is also unlawful because bail in the amount of $300,000 as to petitioner is in effect a denial of his right to be admitted to bail.

A careful review of the record shows that the Respondent found that the evidence presented by the State during the consolidated hearing did not sustain the State's burden that there is a fair likelihood that the petitioner is in danger of a jury verdict against him for murder in the first degree. Under

---

[3] HRS § 748-4, provides that "whoever is guilty of murder in the first degree shall be punished by imprisonment at hard labor for life not subject to parole."

[4] This section has been redesignated as HRS § 724-3. See 1974 Supplement to HRS for volume 7, p. 312.

such circumstances, petitioner was clearly entitled to bail.

HRS § 709-9[5] relative to the amount of bail provides as follows:

> "§709-9 *Amount.* The amount of bail rests in the discretion of the justice or judge or the officers named in section 709-5; but should be so determined as not to suffer the wealthy to escape by the payment of a pecuniary penalty, nor to render the privilege useless to the poor. In all cases, the officer letting to bail should consider the punishment to be inflicted on conviction, and the pecuniary circumstances of the party accused."

Article I, Section 9 of the Constitution of the State of Hawaii further admonishes that "Excessive bail shall not be required."

Our examination of the record further shows that the Respondent found that the petitioner "is not of means, so that the pecuniary circumstances of the defendant (petitioner) would not be the basis on which a high bail can be set;" also that "No evidence has been presented that the defendant would not be present at any of these proceedings should he not be held in custody," since the State chose not to present any evidence on this issue.

We take judicial notice of the order on file in the circuit court, dated March 5, 1974, *In re Ellis,* 55 Haw. 458, 522 P.2d 460 (1974); *Weil v. Barthel,* 45 Cal. 2d 835, 279 P.2d 544 (1955), which establishes a schedule of the amounts to be fixed as bail for the "listed felonies." While the offense in this case predates the order, which was issued under the Hawaii Penal Code,[6] it encompasses murder of a peace officer or a witness in a murder prosecution, as well as murder by a hired killer, or of a person while defendant is imprisoned.[7] Any person who is convicted of any of these categorized murders is punishable by life imprisonment without possibility of parole under Section 606, Hawaii Penal Code; however, if the

---

[5] This section has been redesignated as HRS § 724-9. See 1974 Supplement to HRS for volume 7, p. 312.

[6] See footnote 2, supra.

[7] Sec. 606 of the Hawaii Penal Code.

offense is bailable, as in this case, he may be enlarged under this order on $50,000 bail. We believe that this order, at least, serves as a benchmark as to the reasonableness of bail in this case.

We are faced with the question: Is the amount of bail at $300,000 for the petitioner, under the facts as disclosed during the consolidated hearing, excessive?

We understand that HRS § 709-9 means no more than that bail shall be fixed in a reasonable amount, considering the financial status of the defendant and the punishment to be imposed upon him on conviction. Further, the statute grants to the trial judge a wide discretion in balancing these and other relevant factors and in determining the amount of bail.

It is settled that the determination of the amount of bail rests peculiarly within the discretion of the trial court. *United States v. Wright,* 483 F.2d 1068 (4th Cir. 1973). An appellate court should not disturb or interfere with the exercise of such discretion, unless it is clearly abused.

In *Stack v. Boyle,* 342 U.S. 1 (1951), the court stated on page 4, that "The right to release before trial is conditioned upon the accused giving adequate assurance that he will stand trial and submit to sentence if found guilty." *Accord, Reynolds v. United States,* 4 L. Ed. 2d 46, 80 S. Ct. 30 (1959). It also stated that "To infer from the fact of indictment alone a need for bail in an unusually high amount is an arbitrary act." 342 U.S. at 6. While the State presented its evidence on the motion for revocation of bail, the Respondent refused to grant that motion, which we consider to be significant as to the merits of this case. Of course, bail is not excessive merely because defendant is unable to pay it, *Hodgdon v. United States,* 365 F.2d 679 (8th Cir. 1966), "but he is entitled to an opportunity to make it in a reasonable amount," *Stack v. Boyle,* 342 U.S. at 10 (concurring opinion of Justice Jackson).

We hold that under the facts and circumstances of this case as disclosed by the record, a pretrial bail of $300,000 is so excessive as to violate Article I, Section 9 of the State Constitution. In view of the urgency,[8] such bail as to this

---

[8] This case is set for trial to commence on September 22, 1975.

petitioner should not exceed $100,000, which we hereby set,[9] to be filed in the court below.

*James E. T. Koshiba (Kobayashi, Koshiba & Watanabe* of counsel) for petitioner.

*Stuart Phillip Shapiro,* Deputy Attorney General, for respondents.

---

[9] See HRS § 660-31 (1974 Supp.).