WILLIAM S. ELLIS, JR., Trustee in Dissolution for Kula Development Corporation, WILLIAM S. ELLIS, JR., individually, Plaintiff-Appellant, and MASARU SUMIDA, STANLEY UNTEN, and CHARLEY T. SHIRAISHI, Plaintiffs, *v.* HARLAND BARTHOLOMEW AND ASSOCIATES, a Hawaii co-partnership and DONALD H. WOLBRINK, former co-partner, Defendants-Appellees

NO. 6574

DECEMBER 4, 1980

HAYASHI, C.J., BURNS, J., AND
CIRCUIT JUDGE GREIG IN PLACE OF
ASSOCIATE JUDGE PADGETT, DISQUALIFIED

OPINION OF THE COURT BY HAYASHI, C.J.

This is an appeal from the order of the trial court below dismissing the complaint for failure to prosecute. The only issue before us is whether the court abused its discretion in dismissing the action. We find no abuse and affirm the judgment of dismissal.

This action was first filed on January 11, 1965. The order of dismissal from which the appeal is taken was entered on March 29, 1977, some twelve years later. We feel that a chronicling of some of the events in the intervening years is necessary in this case because they graphically illustrate the correctness of the trial court's dismissal of the action from which appeal has been taken.

On January 11, 1965, this action began when Kula Development Corporation, a Hawaii corporation, and Kula Gardens Associates, a limited partnership (plaintiffs-partners were Florence A. Ellis, Masaru Sumida, Stanley Unten and Charley T. Shiraishi), brought suit against Harland Bartholomew and Associates and Donald H. Wolbrink. The action sought special, general and punitive damages for "disparagement of property".

The answer was not filed until August 9, 1965, seven months later. In the interim the parties stipulated to four extensions of time to answer and argued two related motions before the court. On October 6, 1965, the defendants-appellees filed the first of several motions to dismiss. From the time of the filing of the motion to dismiss on October 6, 1965 until February 10, 1969, no attempt was made by either side to advance the case to trial. On February 11, 1969, the court archivist filed a Notice of Proposed Dismissal for failure of plaintiffs to file a statement of readiness.

On February 20, 1969, the plaintiffs filed their objections to the Notice of Proposed Dismissal.

On June 26, 1969, an order was entered by the court directing that the case be brought to issue and Statement of Readiness be filed by June 30, 1969. On June 26, 1969, the plaintiffs filed a Statement of Readiness and the case was

placed upon the calendar call before Judge Yasutaka Fukushima for August 28, 1969.

On the 27th of August, one day prior to the case being called, the plaintiffs filed the first in a series of objections to the advancement of trial. As the case was continued on plaintiffs' motion the objection was withdrawn and the matter continued to January 16, 1970. Two days before the case was due to be set for trial, the plaintiffs filed a renewed objection to the advancement of trial and a subsequent motion to postpone — the second of the series. At the plaintiffs' behest, the matter was continued for the second time to February 11, 1970, at which time the court agreed to hear the defendants-appellees' original motion to dismiss of October 1965 and other motions filed by the plaintiffs. On February 11, 1970, the plaintiffs withdrew their motion to postpone trial without prejudice, upon obtaining another continuance in the matter to November 9, 1970. The defendants-appellees' motion to dismiss was denied.

During the pendency of the above proceedings, a number of events took place which had ultimately devastating effects upon the progress of the litigation. Having succeeded to the interest of Florence Ellis, one of the original plaintiffs, the Appellant William S. Ellis, Jr. had appeared pro se in behalf of the interest held by her in the partnership. The other partners (other plaintiffs) were represented by counsel. When Kula Development Corporation was involuntarily dissolved, the Appellant William S. Ellis, Jr. was appointed sole successor trustee and was substituted, pro se, as sole trustee on behalf of the dissolved corporation. It is this pro se appearance that began the next long series of delay.

In October 1969, a suit was filed to enjoin the Appellant William S. Ellis, Jr. from representing the dissolved corporation as sole trustee, such action constituting the unauthorized practice of law. (See In Re Ellis, 53 Haw. 23, 487 P.2d 286 (1971) referred to as Supreme Court No. 5044.) By October 1970, a month before trial had been set, no decision had been reached in that action. Statedly to avoid a prolonged pro se trial and to provide sufficient time for the disposition of that action, the parties stipulated to continue the matter to June of

1971. The matter was still pending in the supreme court in June and the parties, having entered into settlement talks in the interim, stipulated to further continue the matter

"to a date sixty (60) days after the ultimate determination of said Case No. 5044, in the event that this action should not be settled out of court by said date."

Appellant agreed to keep the court apprised of the progress of the proceedings in that action. The appellant and appellees disagree as to which order constituted the "ultimate determination" of the case, but we are of the opinion that by any standards imposed the case was ultimately determined when appellant, having exhausted every appellate remedy available to him, was denied a Petition for Rehearing in the U.S. Supreme Court on May 22, 1972 on the question of whether the pro se appearance of a non-attorney trustee of a dissolved corporation was the unauthorized practice of law. Our supreme court had issued an order permanently enjoining Appellant William S. Ellis, Jr. from any continued unauthorized practice of law.

Two years passed before any other action was taken in this case when on June 24, 1974, the defendants-appellees again filed a motion to dismiss the matter for lack of prosecution. As had been his practice when other such motions were made, the appellant opposed the motion, this time on the theory that the ultimate determination in Supreme Court No. 5044 had not been reached. Appellant's concept of the ultimate determination of No. 5044 erroneously included appellate exhaustion of the contempt order entered against him in *In Re Ellis*, 55 Haw. 458, 522 P.2d 460 (1974), for appellant's refusal to obey a court order requiring him to submit evidence of the assets of the dissolved corporation at a hearing to determine whether his pro se appearance as trustee for the corporation could continue, and his subsequent representations in the U.S. District Court for the State of Hawaii on behalf of the corporation in violation of the court's decision. By appellant's standards, trial in this matter was delayed six years pending the "ultimate determination" of corollary issues. Appellant prepared and submitted five supplemental affidavits through

February 1975, reciting his inability to proceed pending "the ultimate determination" of Supreme Court No. 5044 in reliance on the agreement of June 1971. Hearing on defendants-appellees' motion to dismiss of June 27, 1974 was continued three times — to August 21, 1974 — to September 4, 1974 and — to September 18, 1974. To further stave off hearing on the motion to dismiss, appellant then filed his second of five affidavits pertaining to the status of the appeal in No. 5044. The appeal, at this point, however, did not concern the merits of the original action — rehearing had been denied two years earlier — at this point No. 5044 was a contempt citation against the appellant for failure to comply with the supreme court's order permanently enjoining him from any further unauthorized practice of law. This order stemmed from the occurrence of two events related to the original holding in *In Re Ellis, supra:* 1) appellant's failure to comply with the court's order requiring appellant's presence at a hearing to determine whether there were sufficient assets in the dissolved corporation to hire counsel and 2) appellant's subsequent pro se appearance on behalf of the corporation in the U.S. District Court for the State of Hawaii after the entry of the supreme court's order enjoining him from such representation. Apparently on the basis of the misleading affidavits of the appellant, the court denied the motion for dismissal. Appellant, apparently realizing the tactical value of these affidavits, filed several more — on December 18, 1974, again January 27, 1975 and, finally, February 28, 1975 — each accomplishing its intended purpose. During this same period of time, appellant thwarted every attempt by the defendants-appellees to obtain his deposition and filed numerous affidavits and letters relating to his unavailability for deposition, claiming, *inter alia,* he had no time to "be harrassed [sic] or oppressed by any depositions or other civil proceeding. . . ."

Finally having acquired all of the shares of the dissolved corporation, the appellant in July 1975 moved to substitute himself personally (pro se) for the trustee of the dissolved corporation. The motion was denied and trial was once more set for January 5, 1976. Probably in an effort to gain some

control over the wayward proceedings, the court gave the parties until December 1, 1975 to complete all preparations for trial, with trial statements to be filed by December 5, 1975. Undaunted by these constraints, the plaintiffs on December 1, 1975, more than ten (10) years after the complaint was filed, moved to amend the complaint to add an entirely new claim for "breach of contract." By that time Appellant William S. Ellis, Jr. had acquired *all* of the real property involved and *all* of the other shareholders' interests and claims in this action. Defendants-appellees, quite naturally, in light of these events, moved to depose the other plaintiffs, Sumida, Unten and Shiraishi. Plaintiffs were permitted to amend the complaint twice during that month, the last such motion to amend being made on December 30, 1975, just six (6) days prior to trial and nearly eleven (11) years after this action was commenced. The trial was continued by stipulation although it is certainly clear that the defendants-appellees having to address themselves to new questions and allegations were effectively prevented from going to trial on that date. The case was then taken from the Ready Calendar and Judge Arthur Fong directed the parties to complete their preliminary proceedings and pleadings by June 30, 1976 and restore the action to the Ready Calendar by July 1, 1976. Plaintiffs took no action to advance the case for trial. One day before the case was to be restored to the Ready Calendar, on June 30, 1976 plaintiffs again moved to amend the complaint. Finally on February 11, 1977, defendants-appellees again moved to dismiss this action. In an abbreviated hearing on March 1, 1977, Judge Arthur Fong dismissed this action. Plaintiffs' subsequent objection to the order and motion for reconsideration were all denied, and only Appellant William S. Ellis, Jr. has appealed from the order entered March 11, 1977 dismissing the action and from the order entered April 5, 1977 denying the motion for reconsideration.

The dismissal order was entered pursuant to Rule 41(b) of the Hawaii Rules of Civil Procedure, whose applicable provisions read as follows:

Rule 41(b) *Involuntary Dismissal: Effect Thereof.*

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him . . . a dismissal under this subdivision . . . operates as an adjudication upon the merits.

The rule, is analogous to Rule 41(b) of the Federal Rules of Civil Procedure so that application of the rule in federal courts is relevant for our determination of the issue in this case. Under the rule, a trial court has the discretion to grant or deny a defendant's motion for dismissal for plaintiff's failure to prosecute.

On appeal the sole question before the reviewing court is whether the trial court abused its discretion in granting a Rule 41(b) motion to dismiss. *Bagalay v. Lahaina Restoration Foundation*, 60 Haw. 125, 588 P.2d 416 (1978); *You Dong Men v. Ai*, 41 Haw. 574 (1957); *Petty v. Manpower*, 591 F.2d 615 (10th Cir. 1979); *Asociacion de Empleados, Etc. v. Rodriguez Morales*, 538 F.2d 915 (1st Cir. 1976); *Ali v. A & G Company*, 542 F.2d 595 (2nd Cir. 1976); *Theilmann v. Ruthland Hospital, Inc.*, 455 F.2d 853 (2nd Cir. 1972). While our review is limited to the narrow question of whether the trial court abused its discretion, our review would be incomplete without an analysis of the appropriate criteria that are considered by the trial court in its decision to dismiss a cause of action for failure to prosecute. What constitutes a failure to prosecute depends on the facts of each case and the court must consider all pertinent circumstances before granting the motion. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S. Ct. 1386 (1962); *Davis v. Williams*, 588 F.2d 69 (4th Cir. 1978). The court in *Davis, supra,* noting the drastic nature of the sanction imposed in a dismissal for failure to prosecute found that the contrast between the strong public policy favoring the resolution of cases on their merits and the court's concern in balancing the policy against the needs of sound judicial administration could be reconciled, in a Rule 41(b) motion, by the application of four criteria:

> 1) the degree of personal responsibility on the part of the plaintiff;

2) the amount of prejudice to the defendant caused by the delay;

3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion, and

4) the effectiveness of sanctions less drastic than dismissal.

*Davis, supra,* at 71.

Our supreme court in its decision in *Bagalay, supra,* has also enunciated a similar standard of criteria to be applied in the granting of a Rule 41(b) motion to dismiss for failure to prosecute:

A dismissal of complaint is such a severe sanction, that it is to be used *only* in extreme circumstances when there is a "clear record of delay or contumacious conduct . . . and where lesser sanctions would not serve the interests of justice."

*Bagalay, supra,* at 132.

A plaintiff who brings an action against a party clearly and unquestionably has the duty to proceed with the cause in a diligent fashion. Plaintiffs who fail to prosecute their causes of action in accordance with this rule can be subject to dismissal. *Refior v. Lansing Prop Forge Co.,* 124 F.2d 440 (6th Cir. 1942); *Janousek v. Wells,* 303 F.2d 118 (8th Cir. 1962). In deciding whether to grant a motion to dismiss for failure to prosecute, the court also considers the degree of prejudice that enures to the defendant caused by the plaintiff's delay. Where prejudice results to one party by failure of the party on whom rests the burden of going forward with a cause within a reasonable time to bring along its determination, the injured party has the right to move for dismissal. Actual injury can either be shown or inferred from the lapse of time if the lapse of time is great. *Refior, supra.*

The court can also consider the extent to which the proceedings have been drawn out in what appears to be a dilatory fashion. Where there has been a clear record of delay by the plaintiff, dismissal is properly granted. *Asociacion de Empleados, Etc., supra.* Indeed, mere inactivity for an extended period of time is sufficient to warrant dismissal where there is

evidence of a lack of diligence on the part of the plaintiff. *S & K Airport Drive-In v. Paramount Film Distribution Corp.*, 58 F.R.D. 4 (E.D. Pa. 1973), *aff'd*. 491 F.2d 751.

We think the record in this case speaks for itself. Appellant's argument that dismissal was improvidently granted because of a clerical error in a court clerk's failure to restore the case to the ready calendar on June 30, 1976 is of no moment when viewed in the context of the entire record prior to that date. That record is replete with delay, maneuvering, contrivance and artful dodging of diligent prosecution. The trial record is voluminous with motions to delay and postpone trial, affidavit upon affidavit reciting appellant's unavailability for proceedings — for business reasons — pending other courts' resolution of unrelated matters — pending preparation of appellant's income tax returns and on and on. Indeed, appellant's record of pro se appearances in the courts of this State is, to us, clear indication of his familiarity with the workings of the court's procedural system. *See In Re Ellis*, 55 Haw. 458, 522 P.2d 460 (1974); *In Re Ellis*, 53 Haw. 23, 487 P.2d 286 (1971); *Ellis v. Crockett*, 51 Haw. 45, 451 P.2d 814 (1969); *MDG Supply, Inc. v. Ellis*, 51 Haw. 480, 463 P.2d 530 (1969); *Ellis v. J-R-M Corp.*, 324 F.Supp. 768 (D. Haw. 1971). We agree with the defendants-appellees' assessment that appellant has

> impeded the progress of this litigation by every obstacle
> and maneuver which [his] ingenuity could command.

*Janousek, supra*, at 122.

Appellant argues that the trial court failed to consider any other factors aside from the passage of time in dismissing this action. We think it is safe to say that the trial court's succinctly worded opinion encompassed the entire breadth of the voluminous record it had before it in reaching its decision. The delays occasioned by the machinations of the appellant over the years have seriously prejudiced the defendants-appellees' ability to prepare themselves for defense in this case. The depositions taken by the defendants-appellees of the other plaintiffs in this action in 1975, ten (10) years after the complaint was filed, revealed a near total lack of recollection of the events that preceded the filing of this action. One of

the plaintiffs was unaware that the proceedings were still going on, while another whose memory of the events had lapsed expressed a desire to be done with the litigation. Appellant's assertion at oral argument that he was fully prepared to proceed to trial, having suffered no memory lapse in the intervening years, is of little consequence when the evidence is clear that other principal plaintiffs have suffered such lapses. Prejudice to the defendants-appellees at this point in time is unquestionable. The words of Judge Lindberg are particularly pertinent to the case before us.

> Somewhere along the line, the rights of the defendant to be free from costly and harassing litigation must be considered. So too must the time and energies of our courts and the rights of would be litigants awaiting their turns to have other matters resolved. The exact point on that line is incapable of exact definition, but we are satisfied that the present case went beyond it.

*Von Poppenheim v. Portland Boxing and Wrestling Commission*, 442 F.2d 1047, 1054 (9th Cir. 1971).

Finding no abuse of discretion, the judgment of the court is affirmed.

*William S. Ellis, Jr., Pro Se*, plaintiff-appellant.

*John Francis Perkin (Alexander C. Marrack* with him on the brief), *Anthony, Hoddick, Reinwald & O'Connor* of counsel, for defendants-appellees.