Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000551
31-DEC-2020
08:26 AM
Dkt. 32 ODSLJ

NO. CAAP-20-0000551

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ROBERTA WILBORN, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1CPC-19-0000658)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By:  Leonard, Presiding Judge, Wadsworth and Nakasone, JJ.)

Upon review of the record in CAAP-20-0000551, it appears this court lacks appellate jurisdiction.

On August 7, 2020, the Circuit Court issued an Order Pertaining to Bail which set Defendant-Appellant Roberta Wilson's (Appellant) bail at $200,000.00.

On September 8, 2020, Appellant, pro se, filed a Notice of Appeal to Bench Warrant and Order to Arrest.  In her Notice of Appeal, Appellant stated "I am appealing to the vindictive bench warrant of $200,000 Thousand Dollar."  Appellant did not file a Statement of Jurisdiction.  It appears Appellant appeals from the August 7, 2020 Order Pertaining to Bail because she believes the bail is excessive.

"Any party aggrieved by the judgment of a circuit court in a criminal matter may appeal to the intermediate appellate court, subject to chapter 602, in the manner and within the time provided by the rules of court.  The sentence of the court in a criminal case shall be the judgment."  Hawaii Revised Statutes (HRS) § 641-11 (2016).

Appellant has not been convicted and sentenced as there has been no trial yet.  The proceeding has also not otherwise been terminated by an order leaving nothing further to be accomplished by the trial court.  State v. Nicol, 140 Hawaiʻi 482, 492, 403 P.3d 259, 269 (2017).  Therefore, the Order Pertaining to Bail is not appealable pursuant to HRS § 641-11.

Appellant can assert bail was excessive in violation of her rights after entry of a judgment of conviction and sentence.  State v. Visitin, 143 Hawaiʻi 143, 150, 162-63, 426 P.3d 367, 374, 386-87 (2018) (constitutional right to bail was not violated).  In the alternative, Appellant may seek immediate relief by way of a petition for writ of mandamus, Hawaiʻi Supreme Court.  Pelekai v. White, 75 Haw. 357, 362, 861 P.2d 1205, 1207 (1993); Sakamoto v. Won Bae Chang, 56 Haw. 447, 448-49, 539 P.2d 1197, 1198-99 (1975); Campiformio v. Toʻotoʻo, SCPW-19-0000021 (March 4, 2019), 2019 WL 1012090, at *1.

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

IT IS FURTHER ORDERED that all pending motions are dismissed.

DATED:  Honolulu, Hawaiʻi, December 31, 2020.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge