HAWAII AUTOMOTIVE RETAIL GASOLINE DEALERS ASSOCIATION, INC., Plaintiff-Appellant, *v.* ALEXANDER H. BRODIE, and NATIONAL TIRE OF HAWAII, LTD., dba LEX BRODIE'S TIRE CO., Defendants-Appellees

NO. 6931

APRIL 15, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal from the order of the trial court dismissing the action for failure to prosecute pursuant to Rule 41(b) of the Hawaii Rules of Civil Procedure (1954, as amended) (HRCP).

The sole issue on appeal is whether the court abused its discretion in granting the appellees' HRCP Rule 41(b) motion to dismiss.

For the reasons stated herein, we find no abuse of discretion and affirm the judgment of dismissal.

The initial complaint was filed on December 3, 1975, alleging that a television commercial aired by the appellee Brodie to the effect that an unnamed service station had repaired a customer's tire with chewing gum and Band-Aids was defamatory. An amended complaint was filed on December 19, 1975, with additional claims pertaining to unfair and deceptive trade practices.

In the time between the filing of the initial pleadings in December 1975 and the granting of the appellees' motion to dismiss nearly two years later, on November 9, 1977, appellant's pursuit of this litigation left something to be desired. Aside from the moving for a protective order in 1976, whose ultimate effect was only to delay the taking of depositions by the appellees in this action for nearly six months, appellant appears to have done little else that would leave the impression that its prosecution was diligent. Appellant's Statement of Readiness was due on December 2, 1976, but the deadline was extended to March 3, 1977. At the calendar call in March 1977, trial was set for the week of September 19, 1977, with discovery to be cut off on August 19, 1977. On August 19, 1977, appellant's counsel called appellees' counsel to waive the deadline so that he could depose Brodie. Appellees refused to waive the deadline; and on September 6, 1977, appellant first noticed the deposition of Brodie for September 10, 1977, nine days before trial was about to begin. Appellees moved for a protective order which the trial court reluctantly denied noting the appearance of a genuine misunderstanding between the parties regarding a settlement offer. In chambers, the trial judge set the matter over for an additional thirty days while the parties attempted settlement. The settlement efforts were unsuccessful; appellant did not attempt to depose Brodie. Nothing further seems to have been done. On October 26, 1977, appellees moved to dismiss this action for failure to prosecute, or in the alternative for sanctions against discovery and for immediate trial setting. Hearing was set for November 9, 1977. On November 8, 1977, the eve of the hearing, appellant again noticed a deposition of Brodie for November 14 and moved for a permanent injunction on one of the claims it had alleged against Brodie. However, the trial court dismissed this action pursuant to HRCP Rule 41(b),[1] and appeal was taken.

On appeal of a HRCP Rule 41(b) motion to dismiss for failure to prosecute, the only question to be resolved is whether the trial court

---

[1] HRCP Rule 41(b) provides that:
   *Involuntary Dismissal: Effect Thereof.* For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . . [A] dismissal under this subdivision . . . operates as an adjudication upon the merits.

abused its discretion. *Link v. Wabash Railroad,* 370 U.S. 626, 82 S. Ct. 1386 (1962); *Ellis v. Harland Bartholomew and Associates,* 1 Haw. App. 420, 620 P.2d 744 (1980); *You Dong Men v. Ai,* 41 Haw. 574 (1957). In *State v. Faulkner,* 2 Haw. App. ___ (No. 7586, filed February 23, 1981), and *GLA Inc. v. Paul J. Spengler, Jr.,* 2 Haw. App. ___ (No. 6764, filed February 19, 1981), we stated that in matters addressed to the discretion of the court, the appellant bears the burden of establishing that abuse. To constitute an abuse, the appellant must show that the trial court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant (or, this court must be left with a definite and firm conviction that a clear error of judgment was committed by the trial court upon a weighing of the relevant factors. *Anderson v. Air West,* 542 F.2d 522 (9th Cir., 1976)).

HRCP Rule 41(b), motion to dismiss for failure to prosecute, is a matter addressed to the court's discretion and is properly granted

> when there is a clear record of delay or contumacious conduct . . . and where lesser sanctions would not serve the best interests of justice.

*Bagalay v. Lahaina Restoration Foundation,* 60 Haw. 125, 588 P.2d 416 (1978).

A plaintiff who fails to pursue the action in a diligent fashion can be subject to dismissal and where prejudice results there is an even stronger showing to justify dismissal. *See Anderson v. Air West,* 542 F.2d 522 (9th Cir., 1976); *Refior v. Lansing Drop Forge Co.,* 124 F.2d 440 (6th Cir., 1942). What constitutes a failure to prosecute depends on the facts of each case and the court must consider all pertinent facts before granting the motion. *Link v. Wabash Railroad, supra; Ellis v. Harland Bartholomew and Associates, supra.*

From the record before us, we cannot conclude that the granting of dismissal constituted an abuse of discretion. Nearly two years had elapsed from the filing of the complaint until the matter was set for trial. Appellant did little in that time period that would evidence "diligent prosecution." In fact, the record shows that whatever action taken by appellant was in the artful dodging of diligent prosecution. Appellant did not seek to depose the Appellee Brodie until the eve of trial. In contrast, appellee had completed several interrogatories and depositions of the necessary parties well ahead of the

102

discovery cutoff date and was actively preparing its responses to appellant's complaints. At the hearing on the motion to dismiss, in response to the appellant's counsel's argument in opposition, the court was constrained to note for the record that appellant "did nothing."

Finding no abuse of discretion, the judgment is affirmed.

*John A. Chanin* for plaintiff-appellant.

*G. Richard Morry* for defendants-appellees.