MAX S. H. LIM and LILY S. M. LIM, on behalf of themselves and all others similarly situated, and LIMCO, LIMITED, Plaintiffs-Appellants, *v.* HARVIS CONSTRUCTION, INC., ARGONAUT INSURANCE COMPANY, and AKIYAMA, KEKOOLANI & ASSOCIATES, KENNETH AKIYAMA and GEORGE H. KEKOOLANI, Defendants-Appellees

NO. 7839

(CIVIL NO. 45940)

JULY 1, 1982

RICHARDSON, C.J., LUM, NAKAMURA,
PADGETT AND HAYASHI, JJ.

*Per Curiam.* This is an appeal from an order dismissing the complaint and from an order refusing to reconsider the dismissal. We reverse.

The complaint and summons were filed on August 14, 1975. Subsequently, answers were filed and a certain amount of discovery took place. However, on November 3, 1976, a notice of proposed dismissal under Circuit Court Rule 12(f) for failure to file a statement of readiness was entered. On November 12, 1976, a motion to

set aside the order of dismissal and a notice of motion were filed. After a hearing, an order granting the motion to set aside the order of dismissal and directing the filing of a statement of readiness was entered on December 2, 1976. The statement of readiness was filed that day. Later that month, the trial was set for the week of September 6, 1977. On January 3, 1977, the plaintiffs filed their pretrial statement. On January 13, 1977, an answer to the cross-claim of Harvis Construction, Inc. and Argonaut Insurance Company, by Appellees Akiyama, Kekoolani & Associates, Kenneth Akiyama and George H. Kekoolani was filed.

Nothing further appears in the record until 10:43 a.m. December 13, 1979 at which time the court below entered an order of dismissal, reading as follows:

IT IS HEREBY ORDERED that this cause be and the same is hereby dismissed for want of prosecution with leave to reinstate within ten days for good cause shown.

DATED: Honolulu, Hawaii, December 12, 1979.

Presumably, that order was engendered by a letter dated December 5, 1979 (but filed one minute after the order) from the counsel for Appellee Harvis Construction, Inc. to the clerk of court which stated:

However, the plaintiffs filed a motion to set aside order of dismissal pro se which Judge Kawakami set aside the order of dismissal on December 2, 1976, over three years ago. Plaintiffs have taken no further action on the matter. Therefore, may I call your special attention to this matter and request that it is apropos that the matter be again noticed for dismissal. Your action in this matter will be greatly appreciated.

The letter, of course, is inaccurate. In compliance with Judge Kawakami's order, the plaintiffs had filed a statement of readiness and thereafter, the case had been set for trial and plaintiffs had filed a pretrial statement.

Given the facts on the case, if appellees' counsel wished to have the case dismissed for want of prosecution, they should have filed a motion therefor pursuant to the provisions of Rule 41(b), HRCP. While the procedure, followed in this case, of *ex parte* writing to the clerk of court would be appropriate under Rule 12(f), HCCR, it is not appropriate under Rule 41(b), HRCP. Furthermore, we cannot sanction the court's entering an order of dismissal without notice

and without hearing. Such action is not authorized either by Rule 41(b), HRCP, or by § 635-3, HRS.[1]

Appellees argue that the provision in the order allowing the appellants to show good cause for setting aside the dismissal within ten days and the court's subsequent action in hearing their motion for reconsideration cured any defects in the proceedings with respect to the dismissal. However, we said in *Bagalay v. Lahaina Restoration Foundation,* 60 Haw. 125, 588 P.2d 416 (1978):

> A dismissal of a complaint is such a severe sanction, that it should be used only in extreme circumstances where there is "clear record of delay or contumacious conduct . . . and where lesser sanctions would not serve the interest of justice."

*Id.* at 132.

Later in that opinion, we said:

> Although we can understand the trial court's lack of patience with the slow progress of this case, we do not find anything in the record which indicates that counsel for appellants deliberately delayed the prosecution of the case or acted in a manner which we could consider "contumacious conduct." Nor do we find evidence of actual prejudice suffered by appellees in this case.

*Id.* at 138. The foregoing language is equally applicable to the instant case. Had appellees, by affidavit or other admissible means, demonstrated, on the record, actual prejudice to them, a different question might well have been raised. The problem is that the appellees apparently chose not to proceed under Rule 41(b), HRCP, and consequently, made no such showing.[2] Absent deliberate delay, contumacious conduct or actual prejudice, none of which appear in the record in this case, the order below cannot be upheld.[3]

---

[1] We think the circuit courts have inherent power to dismiss a case for want of prosecution but only where the parties have an opportunity to be heard prior to the dismissal. Of course, where there is a default in the filing of a statement of readiness under Rule 12(f), HCCR, a procedure similar to that inappropriately followed in this case is called for.

[2] The assertions of prejudice in their memorandum in opposition to the motion for reconsideration are not backed by affidavits or other admissible forms of evidence.

[3] This is not to say that inordinate delay alone could never be sufficient to establish such facts but the delay in this case, given the record, does not.

Appellees have cited to us *Ellis v. Bartholomew,* 1 Haw. App. 420, 620 P.2d 744 (1980); *GLA, Inc. v. Spengler,* 2 Haw. App. 647, 623 P.2d 1283 (1981); and *Hawaii Automotive Retail Gasoline Dealers Ass'n v. Brodie,* 2 Haw. App. 99, 626 P.2d 1173 (1981). Those cases are not apposite here. In both *Ellis, supra,* and *Hawaii Automotive Retail Gasoline Dealers Ass'n, supra,* the record demonstrated the deliberate delay and contumacious conduct. *GLA, Inc., supra,* involved a dismissal under Rule 12(f) of the Circuit Court Rules which is not our case. Reversed and remanded for further proceedings in accordance herewith.