**COMPASS DEVELOPMENT, INC.**, a Hawai['Ji corporation; and **THE WOODS AT AHUIMANU LIMITED PARTNERSHIP**, a Hawai'i limited partnership, Plaintiffs–Appellants, v. **MARGARET A. BLEVINS**, as Trustee of the Emes 1980 Irrevocable Trust; **AMERICAN TRUST COMPANY OF HAWAII, INC.**, as Trustee of the Emes 1980 Irrevocable Trust, Defendants–Appellees; and **DAX CORPORATION**, Plaintiff in Intervention–Appellee, v. **COMPASS DEVELOPMENT, INC.**, a Hawai'i corporation; and **THE WOODS AT AHUIMANU LIMITED PARTNERSHIP**, a Hawai'i limited partnership, Defendants in Intervention–Appellants; and **MARGARET A. BLEVINS**, as Trustee of the ᐟ Emes 1980 Irrevocable Trust; **AMERICAN TRUST COMPANY OF HAWAII, INC.**, as Trustee of the Emes 1980 Irrevocable Trust, Defendants in Intervention–Appellees

NO. 16511

(CIV. NO. 89–4035–12)

JULY 14, 1994

HEEN, WATANABE, AND ACOBA, JJ.

## OPINION OF THE COURT BY ACOBA, J.

The primary issue presented is whether the circuit court exceeded its authority or abused its discretion when it *sua sponte* dismissed the complaint with prejudice for want of prosecution.

Plaintiffs below, Compass Development, Inc. (hereinafter Compass), the managing general partner of Woods at Ahuimanu Limited Partnership (hereinafter WALP), a Hawai'i limited partnership, and WALP filed a complaint on December 29, 1989 against Margaret A. Blevins, as Trustee of the Emes 1980 Irrevocable Trust, and American Trust Company of Hawaii, Inc., as Trustee of the Emes 1980 Irrevocable Trust (collectively hereinafter Blevins), in a dispute involving the sale of land by Blevins to WALP.

Intervenor DAX Corporation (hereinafter DAX), the other general partner of WALP, was allowed to intervene as a plaintiff to protect its interest in the action.[1]

---

[1] In its motion to intervene, DAX stated its concern was that Compass and WALP were attempting to compel Blevins to convey the property to a third party, in violation of Compass' fiduciary duty to DAX.

On May 30, 1992, the clerk of the court filed an "Order of Dismissal (no activity)." The Order, signed by the court, stated in relevant part, "Court Records reflect last case activity (date) SEPTEMBER 18, 1991. Note: Cases dismissed with prejudice for want of prosecution can be reinstated by way of motion . . . within ten days after receipt of the Order for good cause."

The Order was filed without prior notice to any party or a prior hearing. The parties assume, and we agree, that the dismissal was with prejudice for failure to prosecute the case. The record does not reflect that the Order was issued pursuant to any statute or rule.

On June 9, 1992, DAX filed a Motion to Set Aside the Order of Dismissal Filed May 30, 1992. Compass appeared at the hearing and argued the motion. The motion was heard and denied on August 12, 1992. The Order Denying Plaintiff in Intervention DAX Corporation's Motion to Set Aside Order of Dismissal Filed on June 9, 1992 was approved as to form by DAX and Compass and was filed on November 17, 1992.[2]

On August 17, 1992, Compass filed a Motion for Rehearing of Motion to Set Aside Order of Dismissal Filed May 30, 1992 which DAX joined. The motion was essentially a motion for reconsideration but was probably not titled as a motion for reconsideration because the Order

---

[2] While Compass did not file a written motion to set aside the Order of Dismissal filed May 30, 1992, DAX did, and DAX later joined in the Motion for Rehearing of Motion to Set Aside Order of Dismissal Filed May 30,1992 filed by Compass. Compass' failure to file a written motion to set aside the Order of Dismissal filed May 30, 1992 is not determinative of any issue under the circumstances here because Compass and DAX had similar interests and because as we indicate later, Compass was entitled to a hearing on the Dismissal Order.

Denying Plaintiff in Intervention DAX Corporation's Motion to Set Aside Order of Dismissal Filed on June 9, 1992 had not yet been filed. This motion was heard and denied on September 2, 1992. The Order Denying Plaintiff Compass Development Inc.'s Motion for Rehearing of Motion to Set Aside Order Filed May 30, 1992, was filed on September 21, 1992.

On October 2, 1992, Compass filed its Notice of Appeal, appealing the Order of Dismissal, the Order Denying Plaintiff in Intervention Dax Corporation's Motion to Set Aside Order of Dismissal Filed on June 9, 1992, and the Order Denying Plaintiff Compass Development, Inc.'s Motion for Rehearing of Motion to Set Aside Order of Dismissal Filed May 30, 1992. On November 20, 1992, Compass filed an Amended Notice of Appeal. [3]

---

[3] On December 17, 1992, DAX filed its Notice, appealing the Order of Dismissal, the Order Denying Plaintiff in Intervention Dax Corporation's Motion to Set Aside Order of Dismissal Filed on June 9, 1992, and the Order Denying Plaintiff Compass Development, Inc.'s Motion for Rehearing of Motion to Set Aside Order of Dismissal Filed May 30, 1992. DAX voluntarily dismissed its appeal without prejudice and filed its brief on appeal as Plaintiff in Intervention and Appellee.

Once DAX dismissed its own appeal, it arguably had no basis to challenge the decision of the trial court in this appeal with respect to its Motion to Set Aside the Order of Dismissal and its joinder in Compass' Motion for Rehearing. In its brief, DAX states that its appeal "was voluntarily dismissed without prejudice to minimize the burden and expense of a separate appeal" and that the dismissal was "by agreement between the parties." Because DAX's interest is the same as Compass', a judgment on appeal would directly affect DAX's interest and rights. Therefore, it was entitled to "an opportunity of being heard and defending [its] rights." *Ting v. Born*, 21 Haw. 638, 641 (1913). We note further that Blevins did not move to strike DAX's brief.

Compass and DAX contend that the court had no authority to issue the Order of Dismissal.[4] But the court's inherent power to dismiss a case for want of prosecution cannot be seriously disputed.

> The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion . . . . The power is of ancient origin, having its roots in judgments of *nonsuit* and *non prosequitur* entered at common law, *e.g.*, 3 Blackstone, Commentaries (1768), 295–296, and dismissals for want of prosecution of bills in equity, *e.g., Id.*, at 451.

*Link v. Wabash R.R.*, 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734, 737 (1962). We hold, therefore, that the courts have inherent power to dismiss cases for want of prosecution.[5] *See Lim v. Harvis Constr., Inc.*, 65 Haw. 71, 73 n.1, 647 P.2d 290, 291 n.1 (1982).

---

[4] Compass claims the dismissal order is not authorized by Hawai'i Revised Statute (HRS) § 635–3 (1985). However, Blevins does not even argue that the section applies, and the record is devoid of the prerequisites necessary to invoke that section.

HRS § 635–3 authorizes the court to "dismiss any action for want of prosecution after due notice to the claimants whenever [the] claimants have failed to bring the action to trial within a period established by rule of court."

[5] HRS § 603–21.9(6) (1985) provides that the several circuit courts have the power:

> To make and award such judgments, decrees, orders, and mandates, issue such executions and other processes, and do such other acts and take such other steps as may be necessary to carry into full effect the powers which are or shall be given to them by law or for the promotion of justice in matters pending before them.

Both Compass and DAX argue that Hawai'i Rules of Civil Procedure (HRCP) Rule 41(b) implies that involuntary dismissals with prejudice may only be initiated by a defendant's motion and may not be ordered *sua sponte* by the court. HRCP Rule 41(b) provides, in pertinent part, that "[f]or failure of the plaintiff to prosecute . . . a defendant may move for dismissal of any action." HRCP Rule 41(b) is the same as Federal Rules of Civil Procedure (Fed. R. Civ. P.) Rule 41(b). Therefore, the interpretation of Fed. R. Civ. P. Rule 41(b) by the United States (U.S.) Supreme Court under similar circumstances is persuasive to us. *Harada v. Burns*, 50 Haw. 528, 532, 445 P.2d 376, 380 (1968), *cert. denied*, 393 U.S. 1106 (1969). *Accord Ellis v. Crockett*, 51 Haw. 45, 61, 451 P.2d 814, 824 (1969) (citing *Harada*). In *Link*, a United States district court, *sua sponte*, dismissed a diversity negligence action after counsel did not appear at a pretrial conference. Reviewing the history of the case, the district court dismissed the "action 'for failure of the plaintiff's counsel to appear at the pretrial, for failure to prosecute this action' . . . in the 'exercise [of] its inherent power.' " *Link*, 370 U.S. at 629, 82 S. Ct. at 1388, 8 L. Ed. 2d at 737

---

Although not raised on appeal, arguably, the court had power to issue the Order under this statutory grant of authority. *See also Tobosa v. Owens*, 69 Haw. 305, 315, 741 P.2d 1280, 1287 (1987) (authorizes means to deal "errant or recalcitrant pleader"); *Ramil v. Keller*, 68 Haw. 608, 619, 726 P.2d 254, 261–62 (1986) (authorizes award of judgment for failure to comply with court order); *Kukui Nuts of Hawaii, Inc. v. R. Baird & Co.*, 7 Haw App. 598, 624, 789 P.2d 501, 517 (1990) (authorizes sanction of attorney fees and costs for abuse of litigation practices); *Kukui Nuts of Hawaii, Inc. v. R. Baird & Co.*, 6 Haw. App. 431, 437, 726 P.2d 268, 272 (1986) (authorizes imposition of sanction for abusive discovery motion); *Costa v. Sunn*, 5 Haw. App. 419, 425, 697 P.2d 43, 48 (1985) (authorizes granting of ancillary relief).

(citations omitted in original). The U.S. Supreme Court rejected the plaintiff's contention that Fed. R. Civ. P. Rule 41(b), by implication, "prohibits involuntary dismissals for failure of the plaintiff to prosecute *except* upon motion by the defendant." *Link*, 370 U.S. at 630, 82 S. Ct. at 1833, 7 L. Ed. 2d at 738. It said:

> We do not read Rule 41(b) as implying any such restriction. Neither the permissive language of the Rule — which merely authorizes a motion by the defendant — nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Link*, 370 U.S. at 630–31, 82 S. Ct. at 1388–89, 7 L. Ed. 2d at 738.

We adopt the reasoning of the U.S. Supreme Court, and hold that HRCP Rule 41(b) does not constitute a limitation on the inherent power of the court to *sua sponte* order dismissal of a case for want of prosecution.

Compass contends, however, that even if the trial court had inherent power to dismiss for want of prosecution, the Order must be set aside because no hearing was afforded it prior to the Order being filed. Compass relies on *Lim v. Harvis Constr., Inc.*, 65 Haw. 71, 647 P.2d 290 (1982). There at footnote one, the Hawai'i Supreme Court

said, "We think the circuit courts have inherent power to dismiss a case for want of prosecution but only where the parties have an opportunity to be heard prior to the dismissal." *Lim*, 65 Haw. at 73 n.1, 647 P.2d at 291 n.1. Clearly, an order of dismissal "without notice and without hearing" will not be sanctioned. *Lim*, 65 Haw. at 72–73, 647 P.2d at 291. Notice and a hearing were not afforded Compass or DAX prior to dismissal being ordered. However, Compass and DAX did have the opportunity to contest the dismissal order at the hearing on DAX's Motion to Set Aside the Order of Dismissal Filed May 30, 1992 and at the hearing on Compass' Motion for Rehearing of Motion to Set Aside the Order of Dismissal Filed May 30, 1992. Both hearings occurred after the entry of the dismissal order. Similar facts were present in *Lim*. There, it was contended that the "provision in the order allowing the appellants to show good cause for setting aside the dismissal within ten days and the court's subsequent action in hearing their motion for reconsideration cured any defects in the proceedings with respect to the dismissal." *Lim*, 65 Haw. at 73, 647 P.2d at 291–92. In response, the Hawai'i Supreme Court did not place primary emphasis on *when* the hearing occurred but on whether dismissal was an appropriate sanction under the circumstances. We turn, therefore, to that issue.

While a court has inherent power to dismiss a case for want of prosecution, "[a] dismissal of a complaint is such a severe sanction, that it should be used only in extreme circumstances where there is [a] 'clear record of delay or contumacious conduct . . . and where lesser sanctions would not serve the interest of justice.'" *Lim*, 65 Haw. at 73, 647 P.2d at 292 (quoting *Bagalay v. Lahaina Restoration Foundation*, 60 Haw. 125, 132, 588 P.2d 416, 422

(1978)). A dismissal is also warranted where there is "evidence of actual prejudice" suffered by the defendants. *Lim,* 65 Haw. at 73, 647 P.2d at 292.

Contumacious conduct is not in issue here. Nor does the record disclose "actual prejudice" incurred by the defendants. At the August 12, 1992 hearing on DAX's Motion to Set Aside Order of Dismissal Filed May 30, 1992, Blevins contended that it was Compass' trial strategy to encumber the subject property by a *lis pendens*, delaying trial to Blevins' disadvantage. No findings were made by the trial court concerning this contention. Further, the record reveals that Blevins filed a Motion to Expunge the Notice of Pendency of Action on March 7, 1991, almost fifteen months prior to the dismissal order. The matter was apparently resolved between the parties. The court minutes of June 21, 1991 state that the motion was withdrawn and a "settlement placed on the record." The settlement terms are not recited in the record. But it appears the *lis pendens* problem was mitigated by the action of the parties.

Thus, we must determine whether there was a " 'clear record of delay' " which justified dismissal because " 'lesser sanctions would not serve the interest of justice.' " *Lim*, 65 Haw. at 73, 647 P.2d at 292 (quoting *Bagalay*, 60 Haw. at 132, 588 P.2d at 422).

We have held that an order granting involuntary dismissal of a complaint upon the motion of a defendant under HRCP Rule 41(b) is subject to review on appeal for abuse of discretion. *Ellis v. Harland Bartholomew and Assocs.*, 1 Haw. App. 420, 426, 620 P.2d 744, 748 (1980). The issues presented for decision being analogous, we hold that where a court *sua sponte* issues an order of dismissal for want of prosecution, its action is reviewable on appeal

for abuse of discretion. *See* ***Kukui Nuts of Hawaii, Inc. v. R. Baird & Co.***, 6 Haw. App. 431, 438, 726 P.2d 268, 272 (1986). To determine whether the circumstances justify dismissal for failure to prosecute, we must examine the procedural history of the case. ***Richardson v. Lane***, 6 Haw. App. 614, 619, 736 P.2d 63, 68 (1987), *cert. denied*, 484 U.S. 953, 108 S. Ct. 345, 98 L. Ed. 2d 371, *reh'g denied*, 484 U.S. 1037, 108 S. Ct. 764, 98 L. Ed. 2d 781 (1987) (citing ***Marshall v. Sielaff***, 492 F.2d 917, 918 (3d Cir. 1974)).

The Complaint was filed on December 29, 1989. The court files indicate that except for July 1991, there was activity of record in every month from December 29, 1989 through October 2, 1991. Prior to October 2, 1991, the parties had agreed to an "early settlement conference." A settlement conference may be ordered by the court or requested by the parties "at any time" prior to trial. Rules of the Circuit Courts of the State of Hawai'i (RCCH) Rule 12.1(a). The court's own minutes reveal that settlement conferences were held with the parties on September 23, 1991 and October 2, 1991. The last date of record "activity," therefore, was October 2, 1991. Hence, the court's Order of Dismissal filed on May 30, 1992 was incorrect in stating that "no activity" took place after September 18, 1991.

After the failed settlement conference of October 2, 1991, the parties apparently attempted to settle the matter out of court. Communications or attempts to communicate between Compass and Blevins occurred between October 4, 1991 and January 23, 1992.[6] Blevins

---

[6] The affidavit of Burt L. Snyder, attorney for Compass, attached to Plaintiff Compass' Motion for Rehearing of Motion to Set Aside Order of

opposes any consideration of these contacts. Whether these out–of–court communications should be accepted as satisfying the plaintiff's obligation to prosecute the case does not have to be resolved by this court because the record indicates that the case should have been set for trial after October 2, 1991.

Previously, Compass had filed its pretrial statement on March 21, 1991. DAX had filed its pretrial statement on May 9, 1991. Blevins had filed its responsive pretrial statement on May 20, 1991. Once the pretrial statements were filed, the case was considered "ready to be set for trial" under RCCH Rule 12(b). After the filing of the pretrial statements, the case was required to be placed on the "ready calendar" for trial. The calendar is "available for public examination." RCCH Rule 12(a). "[A]ny party may

---

Dismissal Filed May 30, 1992, contends the following occurred during that period:

October 4, 1991: Compass called Blevins regarding new settlement methods that could be considered.

October 11, 1991: Blevins spoke with Compass regarding joint venture situation.

October 17, 1991: Settlement proposal sent to Blevins.

October 23, 1991; October 25, 1991; November 13, 1991; November 22, 1991; November 25, 1991; December 4, 1991; December 6, 1991; December 19, 1991; and December 30, 1991: Compass claims to have attempted to contact Blevins on these dates regarding the settlement offer but received no response.

January 9, 1992: Date of letter sent by Blevins stating that they did not wish to sell the property. Compass claims this was unresponsive to the proposal.

A letter from Blevins to Compass dated January 23, 1992, was attached as an exhibit to Blevins' Memorandum in Opposition to Compass' Motion to Set Aside Order of Dismissal Filed May 30, 1992. There, Blevins requested that Compass provide a letter of commitment from a third party involved in Compass' settlement offer.

move to strike the . . . action from the [ready] calendar."
RCCH Rule 12(f). No motion to strike was ever filed.
Thus, by October 2, 1991 the parties had filed their
pretrial statements and completed their settlement con-
ferences.

Within sixty days of the filing of the initial pretrial
statement, Compass was required to file a document with
the court indicating that the parties had agreed to three
alternative trial dates or could not agree and "wish[ed]
a trial setting" with the court. RCCH Rule 12(c). That
document was not filed. Consequently, a trial date was
never assigned.

It appears, then, that the case file does not reflect
activity after October 2, 1991, the date of the last settle-
ment conference, because Compass had failed to file
the document required by RCCH 12(c). But once the case
was placed on the "ready calendar," all that remained for
the case to be set for trial was the selection of a trial date.
Indeed, prior to the date of dismissal Blevins obtained a
trial setting conference date of June 9, 1992 from the
court, with the apparent concurrence of Compass and
DAX.[7] However, on June 9, 1992, the conference was

---

[7] The letter from Blevins' counsel to Compass' and DAX's counsel
dated May 29, 1992 stated:

> This is to inform you that the trial setting status confer-
> ence has been set for June 9, 1992 at 9:15 a.m. before Judge
> Yim regarding the above–referenced matter.

> Please do not hesitate to contact me should you have any
> questions.

Thus, the trial setting conference had to have been set on May 29,
1992, the date of the letter, or prior to that date. Blevins also asserted
that, frustrated by the lack of efforts to settle the case, it set the trial
setting status conference to push the litigation forward.

cancelled because dismissal had been entered on May 30, 1992. [8]

While Compass was obligated to initiate the trial date selection procedure, its failure to do so was certainly known to the other parties and to the court. Selection of a specific trial date for a case on the trial "ready calendar" is ultimately the court's responsibility. Under RCCH Rule 13(a), the court is mandated to "prepare and maintain a trial calendar . . . of all civil cases . . . ." Further, "[a]ny case at issue, whether on the ready calendar or not, may be advanced . . . or be immediately placed on the trial calendar for hearing or trial" by the court. RCCH Rule 13(a).

Clearly, a plaintiff "has the duty to proceed . . . in a diligent fashion." *Ellis*, 1 Haw. App. at 427, 620 P.2d at 749. The failure of a plaintiff to institute selection of a trial date under RCCH Rule 12(c) is a breach of its duty to proceed diligently. This breach is subject to sanctions under RCCH Rule 12(t) [9] and RCCH Rule 12.1(a)(6). However, delay caused by a plaintiff's failure to file a document designating alternative trial dates or requesting a "trial setting conference" did not warrant the severe sanction of dismissal. Dismissal for want of prosecution is not warranted when all that remains to be done under the RCCH is to choose a trial date. "The power of the court to

---

[8] A copy of the court calendar indicates that this case was scheduled on Tuesday, June 9, 1992, at 9:15 a.m. for a hearing or conference, but was taken off the calendar because an order of dismissal was filed.

[9] **"Sanctions**. Failure of a party or his [or her] attorney to comply with any section of this rule is deemed an undue interference with orderly procedures and unless good cause is shown, the court may, in its discretion, impose sanctions in accord with Rule 12.1(a)(6) of these rules." RCCH Rule 12(t).

prevent undue delays and to achieve the orderly disposition of cases must be weighed against the policy of law which favors disposition of litigation on its merits." *Richardson v. Lane*, 6 Haw. App. at 619, 736 P.2d at 68 (1987), *cert. denied*, 484 U.S. 953, 108 S. Ct. 345, 98 L. Ed. 2d 371, *reh'g denied*, 484 U.S. 1037, 108 S. Ct. 764, 98 L. Ed. 2d 781 (1987) (quoting *Marshall v. Sielaff*, 492 F.2d 917, 918 (3d Cir. 1974)). "Dismissals with prejudice are not favored." *Richardson*, 6 Haw. App. at 619, 736 P.2d at 67. Here, the issues had been joined. The determination of a trial date, primarily a ministerial act, remained. Admittedly, the Plaintiff was responsible for starting the trial setting process. Yet, any party could have moved or arranged for such a setting after the pretrial statements were filed, as Blevins apparently did. Certainly, the court had the discretion to set the trial date under RCCH Rule 13(a) after the case was placed on the ready calendar. Such discretion could have been exercised here because a conference to set the trial date was scheduled by the court prior to it entering the Order of Dismissal. Where the parties have filed their pretrial statements, completed their required settlement conference, and had their case placed on a trial "ready calendar," the public policy in favor of deciding cases on their merits outweighs any delay resulting from the failure of a plaintiff to initiate selection of a specific date for trial. Plainly, the case should have been set for trial.

We are constrained to hold that it was an abuse of discretion to impose the "severe sanction" of dismissal under these circumstances. Lesser sanctions against the plaintiff would better serve the interest of justice. Accordingly, we vacate the Order of Dismissal, the Order Denying Plaintiff in Intervention Dax Corporation's Motion to Set

Aside Order of Dismissal Filed on June 9, 1992, and the Order Denying Plaintiff Compass Development, Inc.'s Motion for Rehearing of Motion to Set Aside Order of Dismissal Filed May 30, 1992, and remand for further proceedings consistent with this opinion.

*Burt L. Snyder* on the brief for plaintiffs–appellants/defendants in intervention–appellants.

*Mark D. Bernstein* (*Mark D. Clement* of McCorriston Miho & Miller with him on the brief) for defendants–appellees/defendants in intervention–appellees.

*James J. Bickerton* of Bickerton Ramos–Saunders Dang & Bouslog on the brief for plaintiff in intervention–appellee.