899 P.2d 386

**SHASTEEN, INC.,** Plaintiff–
Appellant/Cross–
Appellee,

v.

**HILTON HAWAIIAN VILLAGE JOINT
VENTURE,** Hilton Hotels Corporation,
and Prudential Insurance Company of
America, Defendants–Appellees/Cross–
Appellants,

and

Sandwich, Inc., David C. Schutter, Freder-
ick Piluso, Gerald H. Cutter, and Sergio
Battistetti, Defendants–Appellees.

No. 16436.

Supreme Court of Hawai'i.

June 13, 1995.

H.E.D. Shasteen, on the briefs, Laguna Niguel, CA, for plaintiff-appellant/cross-appellee.

J. Stephen Street and Bruce H. Wakuzawa of Rush Moore Craven Sutton Morry & Beh, on the briefs, Honolulu, for defendants-appellees/cross-appellants the Hilton.

James E. Duffy, Jr. and Ward F.N. Fujimoto of Fujiyama, Duffy & Fujiyama and Paul H. Sato of Furutani Sato Komatsubara & Marshall, on the briefs, Honolulu, for defendants-appellees the Sandwich Corp.

Thomas P. Dunn, atty. of record, Honolulu, for defendant-appellee Sergio Battistetti, no brief filed.

Before MOON, C.J., LEVINSON, NAKAYAMA and RAMIL, JJ., and CRANDALL, Circuit Judge, in place of KLEIN, J., Recused.

MOON, Chief Justice.

Plaintiff-appellant/cross-appellee Shasteen, Inc. (the Shasteen corporation) appeals from the circuit court's order granting a "Motion for Dismissal With Prejudice" in favor of defendants-appellees/cross-appellants Hilton Hawaiian Village Joint Venture, Hilton Hotels Corporation, and Prudential Insurance Company of America (collectively, the Hilton), defendants-appellees Sandwich, Inc., David C. Schutter, Frederick Piluso, Gerald H. Cutter (collectively, the Sandwich corporation), and defendant-appellee Sergio Battistetti. On appeal, the Shasteen corporation contends that the circuit court abused its discretion by: (1) entertaining the Hilton's motion to dismiss; (2) dismissing the Shasteen corporation's suit with prejudice; and (3) denying the Shasteen corporation's motion for reconsideration of the dismissal. The Shasteen corporation also appeals, and the Hilton cross-appeals,[1] from the circuit court's judgment entered in favor of the Hilton, in the amount of $45,663.11, pursuant to the court's partial grant of Hilton's motion for attorneys' fees of $27,191.95 and costs of $18,471.16.

Because we hold that the circuit court abused its discretion in dismissing the case with prejudice less than three weeks before trial, we vacate the order granting dismissal with prejudice and remand this case for further proceedings. We also reverse the circuit court's order denying the Shasteen corporation's motion for reconsideration, the order granting in part and denying in part the Hilton's motion for attorneys' fees and costs, and the related judgment for the attorneys' fees and costs.

## I. BACKGROUND

The Hilton Hawaiian Village Joint Venture consists of the Hilton Hotels Corporation, a Delaware corporation, and the Prudential Insurance Company of America, a New Jersey corporation. The joint venture operates the Hilton Hawaiian Village Hotel and is lessor of premises in the Rainbow Bazaar and other locations within the Hilton Hawaiian Village complex. The Shasteen corporation is a closely-held Hawai'i corporation[2] that leased restaurant space from the Hilton. Under the lease agreement, the Shasteen corporation was precluded from assigning its lease to a third party without the Hilton's prior written consent. Because the Hilton refused to approve an assignment of the Shasteen corporation's lease to the Sandwich corporation and Battistetti, the Shasteen corporation filed suit in state court against the Hilton alleging breach of lease, wrongful breach of

---

1. On the cross-appeal, the Hilton contends that the circuit court erred "when it applied the limited fee schedule provisions of the assumpsit statute, [Hawai'i Revised Statutes (HRS)] § 607–14, rather than the more generous provisions of [HRS] § 607–17 authorizing an award of attorneys' fees pursuant to contractual provisions." However, our holding regarding the Shasteen corporation's appeal renders the Hilton's cross-appeal moot.

2. H.E. "Bud" Shasteen (Mr. Shasteen) is president of the Shasteen corporation and his wife, Evelyn V. Shasteen, is vice-president. They are the sole shareholders of the Shasteen corporation.

the obligation to act in good faith, interference with contract for sale of business, and unfair and deceptive trade practices.

Alleging diversity of citizenship, pursuant to 28 U.S.C. § 1332, the Hilton petitioned for removal of the case to the federal court, which was granted. The Shasteen corporation subsequently amended its complaint in federal court by adding the Sandwich corporation and Battistetti as defendants, thereby eliminating diversity. As a result of the amendment, the case was remanded to the state court in 1988, and trial was set for the week of March 13, 1989. Over the next three years, the trial date was continued four times, to October 23, 1989, January 22, 1990, August 6, 1990, and June 3, 1991 for various reasons. In October 1990, the Shasteen corporation's attorneys filed a motion to withdraw from the case, which was granted on October 30, 1990; no attorneys were substituted nor did any attorney subsequently enter an appearance for the Shasteen corporation.

Pursuant to Rule 12.1 of the Rules of the Circuit Court of the State of Hawai'i (RCCH),[3] a settlement conference was scheduled for May 2, 1991, and a notice regarding the scheduled conference was mailed, via certified mail, return receipt requested, on April 12, 1991, to Mr. Shasteen at his residence address. On April 30, 1991, the envelope containing the notice was returned to the circuit court marked "unclaimed," apparently because the Shasteens were out of town. Meanwhile, on April 12, 1991, the Hilton's attorney alerted William Brady, an attorney who represented Mr. Shasteen in other litigation matters, of the scheduled settlement conference. Brady, in turn, telephoned the Shasteens' residence, leaving a message on the answering machine regarding the scheduled conference. Having retrieved his telephone messages from his out-of-town location, Mr. Shasteen telephoned Brady from the mainland, asking him to attend the conference. Brady advised Mr. Shasteen that he would send attorney Rory Toomey, as Brady was himself scheduled to be out of town. Although RCCH Rule 12.1 required the filing of a settlement conference statement,[4] none was filed on behalf of the Shasteen corporation.

At the scheduled settlement conference on May 2, 1991, Toomey advised the settlement conference judge that Mr. Shasteen did not receive notice of the conference and was unable to attend because he and his wife were on the mainland. Although the settlement conference judge had difficulty understanding how Mr. Shasteen could have sent an attorney to a conference about which he (Mr. Shasteen) supposedly had no knowledge, the settlement conference judge deferred ruling on the Hilton's oral motion for dismissal pursuant to RCCH Rule 12.1(a),[5] stating:

> I have serious reservations about the conduct of the plaintiff [ (the Shasteen corporation) ] in this case. But I think *it would at this time be premature for me to order a dismissal at the settlement conference.* However, I urge counsel to file an appropriate motion to be heard before the ad-

3.  RCCH Rule 12.1(a) provides in pertinent part that "[a] settlement conference may be ordered by the court at any time before trial." We note that, as a general rule, settlement conferences are scheduled by the court approximately thirty days prior to the trial date.

4.  RCCH Rule 12.1(b) provides in pertinent part that, "where a settlement conference has been ... ordered by the court, ... a settlement conference statement must be filed 5 days prior to the date of the settlement conference."

5.  RCCH Rule 12.1(a) provides in pertinent part:
    (6) *Sanctions.* The failure of a party or his attorney to appear at a scheduled settlement conference, the neglect of a party or his attorney to discuss or attempt to negotiate a settlement prior to the conference, or the failure of a party to have a person authorized to settle the case present at the conference shall, unless a good cause for such failure or neglect is shown, be deemed an undue interference with orderly procedures. As sanctions, the court may, in its discretion:
    (i) Dismiss the action on its own motion, or on the motion of any party or hold a party in default, as the case may be;
    (ii) Order a party to pay the opposing party's reasonable expenses and attorneys' fees;
    (iii) Order a change in the calendar status of the action;
    (iv) Impose any other sanction as may be appropriate.
    *See also Kam Fui Trust v. Brandhorst,* 77 Hawai'i 320, 884 P.2d 383 (App.1994).

ministrative judge for dismissal based upon this record. Or ... for an early pretrial conference or other conference where Shasteen, Inc. would be required to appear with its attorney and to indicate to the satisfaction of the administrative judge [that] this case should remain undismissed or on the trial docket and whether or not the case ought to be kept on the trial calendar. *And any other relief that the judge thinks is appropriate.*

(Emphasis added.) Instead, the settlement conference judge issued sanctions against the Shasteen corporation in the total amount of $550, consisting of $450 for attorneys' fees ($150 for each of the three attorneys who attended the settlement conference on behalf of the Hilton, the Sandwich corporation, and Battistetti) and a $100 fine.

Subsequent to the settlement conference, the Hilton moved to dismiss the action pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 41(b) [6] and RCCH 12.1(a), and the matter was scheduled for an expedited hearing on May 8, 1991 before the administrative judge of the civil courts of the First Circuit. Mr. Shasteen personally appeared at the hearing, but was not allowed to address the court on behalf of the Shasteen corporation because he was not a licensed attorney and could not represent the corporation. *See Oahu Plumbing & Sheet Metal, Ltd. v. Kona Constr., Inc.*, 60 Haw. 372, 374, 590 P.2d 570, 572 (1979) (holding that a corporation cannot appear and represent itself either in proper person or by its officers, but can only be represented by an attorney admitted to practice law).

Toomey also appeared at the May 8 hearing, requesting to make a special appearance in order to explain his presence at the earlier settlement conference before the settlement conference judge. The administrative judge denied Toomey's request based on its determination that Toomey did not have any authority to represent the Shasteen corporation. The administrative judge granted the Hilton's motion and subsequently entered a written order dismissing the case with preju-

dice "[b]ased on [the Shasteen corporation's] failure to file a Settlement Conference Statement, attend the Settlement Conference, appear with counsel, and otherwise prosecute its case and for good cause shown[.]" The Shasteen corporation's motion for reconsideration was subsequently denied, and the Hilton's motion for attorneys' fees and costs was partially granted in the amounts previously indicated. The Shasteen corporation's appeal and the Hilton's cross-appeal followed.

## II. DISCUSSION

### A. Whether the circuit court erred by entertaining the Hilton's motion to dismiss

The Shasteen corporation contends that the circuit court abused its discretion by entertaining the Hilton's motion to dismiss after the settlement conference judge had denied a similar motion. Relying on *Wong v. City & County of Honolulu,* 66 Haw. 389, 665 P.2d 157 (1983), the Shasteen corporation argues that the settlement conference judge "considered and denied a request for dismissal" and that "[n]o cogent reasons were presented to [the administrative judge] warranting a *modification* of [the settlement conference judge's] order imposing a fine and an award of fees." (Emphasis added.) In *Wong,* this court stated that "[a] judge should generally be hesitant to modify, vacate or overrule a prior interlocutory order of another judge who sits in the same court.... Unless *cogent reasons* support the second court's action, any modification of a prior ruling of another court of equal and concurrent jurisdiction will be deemed an abuse of discretion." *Id.* at 416–17, 665 P.2d at 162 (emphasis in original).

■ First, as previously stated, the settlement conference judge determined that "it would be premature for me to order a dismissal at the settlement conference" and specifically deferred the question of dismissal to the administrative judge for disposition. Thus, we cannot agree with the Shasteen corporation's contention that the judge "con-

---

**6.** HRCP Rule 41(b) provides in pertinent part: "For failure of the plaintiff to prosecute or to comply with these rules or any other order of court, a defendant may move for dismissal of an action or any claim against [it]."

sidered and denied" the Hilton's request for dismissal.

Second, the sanctions issued by the settlement conference judge were based on his specific finding that the Shasteen corporation had "inexcusably failed to appear for settlement conference and ha[d] not filed a settlement conference statement in accordance with Rule [12.1] and violated Rule [12.1]." On the other hand, the Hilton's motion, brought before the administrative judge, was based not only upon the conduct of the Shasteen corporation in relation to the settlement conference, but on the entire record of this case since its inception. Relying on HRCP Rule 41(b), the Hilton maintained that the Shasteen corporation had failed to diligently prosecute its case or to comply with the rules of court, pointing specifically to the Shasteen corporation's violation of RCCH Rule 12.1(a) as a recent example. Because the sanctions levied for violation of Rule 12.1(a) were separate and distinct from the sanction of dismissal issued for the Shasteen corporation's conduct throughout the pendency of this action, it cannot be said that the administrative judge "modified" the settlement conference judge's prior ruling.

We therefore hold that the circuit court did not abuse its discretion in entertaining the Hilton's motion to dismiss with prejudice.

### B. *Whether the circuit court erred in dismissing the case with prejudice*

The Shasteen corporation next contends that, under the circumstances of this case, the dismissal of the action with prejudice was far too severe. "The power of the court to prevent undue delays and to achieve the orderly disposition of cases must be weighed against the policy of law which favors dispositions of litigation on its merits." *Compass Dev. Inc. v. Blevins,* 10 Haw.App. 388, 402, 876 P.2d 1335, 1341 (1994) (citation omitted). Further, "[a] dismissal of a complaint is such a severe sanction, that it should be used only in extreme circumstances where there is clear record of delay or contumacious conduct[7] ... and where lesser sanc-

tions would not serve the interest of justice." *Lim v. Harvis Constr., Inc.,* 65 Haw. 71, 73, 647 P.2d 290, 292 (1982) (internal quotation marks omitted) (citation omitted). And, "[a] dismissal is also warranted where there is 'evidence of actual prejudice' suffered by the defendants. *Compass Dev.,* 10 Haw.App. at 397, 876 P.2d at 1339 (citing *Lim,* 65 Haw. at 73, 647 P.2d at 292).

"We have held that an order granting involuntary dismissal of a complaint upon the motion of a defendant under HRCP Rule 41(b) is subject to review on appeal for [an] abuse of discretion." *Compass Dev.,* 10 Haw. App. at 397, 876 P.2d at 1340 (citation omitted). Because an order of dismissal cannot be affirmed "[a]bsent deliberate delay, contumacious conduct or actual prejudice," *Lim,* 65 Haw. at 73, 647 P.2d at 292, we examine each of these factors in the context of the present case.

#### 1. Deliberate Delay

The Hilton essentially asserts that the Shasteen corporation "demonstrated a complete failure to prosecute its case diligently." We note, however, that failure to otherwise prosecute a case does not, in and of itself, support dismissal. The failure must amount to a deliberate delay on the part of the plaintiff. *See, e.g., Compass Dev.,* 10 Haw.App. at 401–02, 876 P.2d at 1341–42 (reversing HRCP Rule 41(b) dismissal for want of prosecution because plaintiff had engaged in settlement conferences, had attempted to settle the matter out of court, and all that remained to be done was to choose a trial date); *Hawai'i Auto. Retail Gasoline Dealers Ass'n, Inc. v. Brodie,* 2 Haw.App. 99, 626 P.2d 1173 (1981) (HRCP Rule 41(b) dismissal upheld where plaintiff failed to depose defendant until eve of trial and "did nothing" but engage in the "artful dodging of diligent prosecution"); *Ellis v. Harland Bartholomew and Assoc.,* 1 Haw.App. 420, 620 P.2d 744 (1980) (HRCP Rule 41(b) dismissal upheld where record was voluminous with motions to delay and postpone trial and affidavit

---

7. "Contumacious conduct" is defined as "[w]ilfully stubborn and disobedient conduct." *Black's Law Dictionary* 330 (6th ed. 1990).

upon affidavit reciting plaintiff-appellant's unavailability for various proceedings).

The Hilton also asserts that, "[i]n addition to repeatedly delaying the case [via motions to continue the trial date], Shasteen undertook no genuine effort to find successor counsel [where] [h]aving counsel was critical." As previously noted, this case was assigned five different trial dates, which the Hilton intimates was the result of repeated requests for continuances by the Shasteen corporation. Our review of the record, however, reveals the following with respect to the various trial dates assigned to this case:

1. Following remand from the federal court, this case was set for trial the week of March 13, 1988;

2. Trial was reset to the week of October 23, 1989 as a result of the Shasteen corporation's motion to continue trial based upon its lead trial counsel having another trial scheduled in the same month;

3. As a result of a status conference, the trial date was again continued to the week of January 22, 1990. Because no formal motion to continue the trial date was filed by any of the parties in this instance, it appears that all of the parties agreed to the continuance;

4. Trial was rescheduled for the week of August 6, 1990 due to the unavailability of a judge during the week of January 22; and

5. Finally, trial was reset for the week of June 3, 1991 pursuant to the Shasteen corporation's motion to continue, based upon its lead counsel's unavailability due to health and other personal problems.

As reflected above, two of the five continuances were as a result of requests made by the Shasteen corporation. However, the requests were based on reasons directly related to the unavailability of the Shasteen corporation's attorney. Moreover, although the Hilton, in advancing its argument with respect to delay, contends that "Shasteen un-dertook no genuine effort to find successor counsel [where] [h]aving counsel was critical," we review this contention as it relates to the second factor, contumacious conduct.

### 2. Contumacious Conduct

In addition to the alleged failure to secure successor counsel, we also review whether the Shasteen corporation's failure to appear at the settlement conference with counsel or to make any attempt to reschedule the conference constitutes contumacious conduct that would support a dismissal with prejudice. Although we recognize that a plaintiff "has the duty to proceed ... in a diligent fashion[,]" *Ellis*, 1 Haw.App. at 427, 620 P.2d at 749, there is no indication in the record that the Shasteen corporation's failure to secure substitute counsel, to attend the settlement conference with counsel, or to reschedule the conference constituted contumacious conduct, warranting dismissal with prejudice. In fact, it appears from the record that the Shasteen corporation's withdrawing counsel may have inadvertently led Mr. Shasteen to believe that securing substitute counsel was not "critical" and that Mr. Shasteen himself could continue to prosecute this case if he elected not to retain substitute counsel. For example, attached to the motion to withdraw as counsel was a letter to Mr. Shasteen, dated September 25, 1990, from withdrawing counsel, advising that the motion to withdraw was ready and would soon be filed. In that letter, withdrawing counsel advised Mr. Shasteen that RCCH Rule 4[8] required that he inform the court of *his* current mailing address and telephone number as well as any changes thereto. The letter also instructs Mr. Shasteen that, "*[i]f* you should retain substituted counsel, please have [the substitute counsel] contact this law firm and the Clerk of the Circuit Court, State of Hawaii as soon as possible." (Emphasis added.) The letter to Mr. Shasteen failed to convey the fact that Mr. Shasteen could not represent the corporation *pro se;* neither did the Hilton provide any showing

---

8. RCCH Rule 4 provides in pertinent part: "Parties who appear in person without counsel shall notify the clerk in writing of their names, their mailing and residence addresses, and telephone numbers and shall keep the clerk informed by proper written notices of changes in the addresses and telephone numbers so given."

that Mr. Shasteen was aware of the consequences of not securing substitute counsel.

■ Although not dispositive of this appeal, we note that this court has acknowledged that a corporation should be allowed an opportunity to secure counsel before permitting an entry of default against the corporation or, as in this case, dismissing the action, recognizing a "preference for giving parties an opportunity to litigate claims or defenses on the merits[.]" *Oahu Plumbing & Sheet Metal, Ltd. v. Kona Constr., Inc.*, 60 Haw. 372, 380, 590 P.2d 570, 576 (1979) (holding that circuit court acted properly in allowing entry of default to stand where the non-attorney, corporate representative expressly informed the court that the corporation was plainly not interested in obtaining representation by a qualified attorney). We believe that, under the circumstances of this case, the policy preference would have been better served by allowing Mr. Shasteen or Toomey (by special appearance) to address the court at the May 8, 1991 hearing, at least to determine the Shasteen corporation's position regarding the matter of obtaining legal representation, as the circuit court did in *Oahu Plumbing.*.

### 3.  Actual Prejudice

■ On appeal, the Hilton essentially maintains that, even if the Shasteen corporation had retained counsel at around the time the case was dismissed, newly retained counsel would have been completely unfamiliar with the case and would have been unable to proceed with settlement negotiations or the trial in an orderly and efficient manner. Implicit in this argument is the notion that allowing substitute counsel on the "eve" of trial could have resulted in yet another continuance of the trial date. Hilton submits that such a continuance would have caused it to waste more time and money in defending a case that the Shasteen corporation had not diligently prosecuted. The Hilton, however, at the time of the May 8, 1991 hearing, failed to demonstrate how it had suffered *actual prejudice* in this case. Although, arguably, there may have been a likelihood of another continuance granted by the circuit court, such continuance had not yet occurred, and,

thus, the possibility of a continuance was merely speculative. Moreover, it is also speculative whether a continuance would have resulted in a determination of deliberate delay, contumacious conduct, or actual prejudice.

■ In its moving papers to dismiss this case with prejudice, the Hilton argued that the Shasteen corporation "has caused [the Hilton] to incur substantial fees due to [its] failure to prosecute its case properly with its several delays.... [And, the Hilton has] already been prejudiced by having a case remain pending for four years." However, as previously noted, the "four year delay" cannot be attributed solely to the actions or inactions of the Shasteen corporation or Shasteen. Additionally, even if we assume that the appearance of substitute counsel in this case would have resulted in a continuance of the June trial date, based on our previous discussion, the record in this case does not support the levying of such a severe sanction as dismissal with prejudice.

### III.  *CONCLUSION*

Because we discern nothing in the record that would indicate (1) a deliberate attempt on the part of the Shasteen corporation to delay the prosecution of this case, or (2) that the Shasteen corporation acted in a manner that we would consider contumacious conduct, or (3) that the Hilton suffered actual prejudice, we hold that the circuit court abused its discretion in dismissing the case with prejudice. Accordingly, we vacate the order granting dismissal with prejudice and remand this case for further proceedings. We also reverse the circuit court's order denying the Shasteen corporation's motion for reconsideration, the order granting in part and denying in part the Hilton's motion for attorneys' fees and costs, and the related judgment for the attorneys' fees and costs.