**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000466
29-APR-2021
08:37 AM
Dkt. 59 SO**

NO. CAAP-20-0000466

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JASON SCUTT, Plaintiff-Appellant,
v.
MAUI MEMORIAL HOSPITAL, Defendant-Appellee

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(WAILUKU DIVISION)
(CASE NO. 2DRC-20-0000967)

**SUMMARY DISPOSITION ORDER**
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Self-represented Plaintiff-Appellant Jason **Scutt** appeals from the "Order Dismissing Without Prejudice" entered by the District Court of the Second Circuit, Wailuku Division[1] on November 25, 2020. Scutt's opening brief does not comply with Rule 28 of the Hawai'i Rules of Appellate Procedure (**HRAP**). Nevertheless, to promote access to justice the Hawai'i Supreme Court instructs that pleadings prepared by self-represented litigants should be interpreted liberally, and self-represented litigants should not be automatically foreclosed from appellate review because they fail to comply with court rules. Erum v. Llego, 147 Hawai'i 368, 380-81, 465 P.3d 815, 827-28 (2020). Accordingly, we address Scutt's appeal on the merits. For the reasons explained below, we affirm the "Order Dismissing Without Prejudice."

---

[1] The Honorable Kirstin Hamman presided.

On June 29, 2020, Scutt filed a civil complaint in district court against Defendant-Appellee **Maui Memorial Hospital**. Rule 12 of the Hawaiʻi District Court Rules of Civil Procedure provides, in relevant part:

> **(a) Answers — When presented; return day**. All defendants shall appear or answer at the time appointed in the summons, on the second Monday following the date of service, except where the district judge sets some other secular day; and should such Monday be a legal holiday then upon the next secular day.

Attached to Scutt's complaint was a summons, signed by the district court clerk. The summons stated:

> **TO THE DEFENDANT:**
>
> You are required to file a written answer or appear before the District Judge of this Court, in the Judge's Courtroom, on the day and at the time designated by the checked box on page 2.

The boxes checked on page 2 of the summons identified the Wailuku Division as the location for the return, and the return day as "8:30 a.m. on the second **Monday** following date of service, and should that **Monday** be a legal holiday then upon the next **Monday**."

Maui Memorial Hospital was served on Saturday, July 11, 2020. The return of service was filed in the district court on July 16, 2020. Scutt was electronically notified of the filing of the return of service.

The return date was Monday, July 20, 2020. The case was called. Scutt was not present. No attorney for Maui Memorial Hospital was present. The district court's minutes indicate the case was dismissed without prejudice.

Scutt's notice of appeal was filed on July 21, 2020. On October 16, 2020, we temporarily remanded the case to the district court for entry of a written order as required by Hawaii Revised Statutes (**HRS**) § 641-1(a) (2016), pursuant to Waikiki v. Hoʻomaka Vill. Ass'n of Apartment Owners, 140 Hawaiʻi 197, 204, 398 P.3d 786, 793 (2017). The "Order Dismissing Without Prejudice" was entered by the district court on November 25, 2020. Scutt's notice of appeal is deemed to have been filed at that time. HRAP Rule 4(b)(4).

The district court had inherent power to dismiss the case for want of prosecution. See Compass Dev., Inc. v. Blevins, 10 Haw. App. 388, 393, 876 P.2d 1335, 1338 (1994); HRS § 604-7(e) (2016). Scutt's opening brief presents no argument about why the district court's dismissal without prejudice was improper. The "Order Dismissing Without Prejudice" is affirmed.

DATED: Honolulu, Hawaiʻi, April 29, 2021.

On the briefs:

Jason Scutt,
Self-represented
Plaintiff-Appellant.

Edquon Lee,
for Defendant-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge