64 P.3d 948

**Heidi CHANG, Petitioner–Appellee,**

v.

**Carol Ann BERC, Respondent–Appellant.**

No. 24089.

Supreme Court of Hawai'i.

March 10, 2003.

Cynthia A. Farias, Honolulu, on the briefs, for respondent-appellant.

---

Wayson Chow, Honolulu, on the briefs, for petitioner-appellee.

MOON, C.J., LEVINSON, NAKAYAMA, and ACOBA, JJ., and Circuit Judge AMANO, assigned by reason of vacancy.

Opinion of the Court by ACOBA, J.

We hold that default is not an available remedy when a respondent is ready to submit evidence regarding the issuance of a temporary restraining order (TRO) or an injunction under Hawai'i Revised Statutes (HRS) § 604–10.5 (Supp.2001). Respondent–Appellant Carol Ann Berc (Respondent) is such a respondent and appeals from a January 10, 2001 order denying her motion to set aside default and dissolve an injunction (motion to set aside) entered by the District Court of the First Circuit (the court).[1] The order arose from a July 7, 2000 petition filed by Petitioner–Appellee Heidi Chang (Petitioner) pursuant to HRS § 604–10.5 to enjoin harassment. The petition was granted by default when Respondent failed to appear at two hearings on the petition. Respondent's attorney was present with witnesses and ready to introduce evidence at the hearing on the merits.

On appeal, Respondent contends that the court erred in: 1) granting default even though her attorney and witnesses were present; 2) issuing an injunction without clear and convincing evidence of harassment; 3) holding that Respondent failed to appear at the rescheduled trial on September 21, 2000; and 4) failing to grant her motion to set aside the default.

I.

Petitioner filed for a TRO and injunction against her landlord, Respondent, arising out of alleged harassment by Respondent's employees. Several workers hired by Respondent to renovate Petitioner's residence purportedly entered Petitioner's residence repeatedly, without notice, and left unfinished projects for Petitioner to clean up. The court granted an *ex parte* TRO against Respondent, restraining Respondent from "contacting, threatening, or physically ha-

rassing, ... telephoning, ... entering or visiting the Petitioner(s) residence...."

On July 21, 2000, a hearing regarding the injunction against harassment was held before the Honorable David L. Fong. Respondent was represented by counsel, but failed to personally attend because she was on the mainland. As Respondent was not present, Judge Fong continued the hearing to September 21, 2000, noting specifically that the continuance was granted because Respondent was not present.

> I've informed [Respondent's and Petitioner's counsel] in pre-trial conference that, since [Respondent] is not present, that she is entitled to a continuance and I understand that she does want to ask for it. It will be for two months.

Sometime after the first hearing, Respondent's counsel became aware that Respondent could not attend the September 21 hearing because Respondent had paid for a two-week vacation and was unable to timely return to Hawai'i. Respondent notified Petitioner's counsel that Respondent would not be present, but did not contact the court.

On September 21, 2000, Respondent's attorney appeared in court, without Respondent, with the intention of cross-examining Petitioner and presenting four witnesses.[2] Petitioner moved for entry of default, however, based on the fact that Respondent had failed to appear. In granting the default, the court noted that the continuance was granted to enable Respondent to be present at the hearing. Additionally, the court observed that Respondent was aware of the court date:

> In pretrial we discussed the—the procedural matters of the case. And that the [P]etitioners [sic] had agreed to a 60-day continuance of the Temporary Restraining Order for hearing today, and that [Respondent] did have knowledge of it and was summoned to—to be here today. So the Court [is] incline[d] to grant the default.

Accordingly the court granted the petition enjoining Respondent and anyone acting on her behalf, for a three year period, from "[c]ontacting, threatening or harassing Petitioner(s)," "[c]ontacting, threatening or harassing any person(s) while residing at Petitioner(s)' residence" and "[e]ntering and/or visiting the premises of the Petitioner(s)' residence and/or place of the Petitioner(s)' employment."

On October 16, 2000, Respondent filed her motion to set aside, pursuant to District Court Rules of Civil Procedure (DCRCP) Rule 55(c). Respondent argued that (1) the notice of hearing did not require Respondent's attendance at the hearing, (2) default was improper because Respondent was prepared to "otherwise defend" under the meaning of DCRCP Rule 55(a), and (3) default was not procedurally possible under HRS § 604–10.5.

On November 27, 2000, the court denied the motion to set aside. It explained that default had been entered because the hearing on the petition had been continued in order to obtain Respondent's presence.

> THE COURT: On the motion to set aside the default—
>
> [RESPONDENT'S COUNSEL]: Yes.
>
> THE COURT: Denied. The reason that the Court ... denied the motion is because the court, when it met on July 21, 2000, continued the hearing on the temporary restraining order—on the permanent injunction to September 21, for the purpose of having [Respondent] present.
>
> When the Court came to September 21, 2000, [Respondent] did not appear. And there was no way to proceed with a response from the [R]espondent without her present. And although you [ (Respondent's counsel) ] appeared, the [R]espondent did not appear to defend, and therefore the court took a default.

The court entered a written order on January 10, 2001, denying the motion and making findings of fact. In relevant part, the court found that on July 7, 2000, Respondent had been served with an *ex parte* TRO, which commanded Respondent to appear regarding

---

2. Three of Respondent's witnesses were subpoenaed to appear and the fourth came voluntarily. At the hearing on her motion to set aside, Respondent's counsel argued that she had subpoenaed the workers who had allegedly conducted the acts of harassment in order to controvert Petitioner's evidence.

the issuance of a permanent order; on July 21, 2000, the court granted a sixty-day postponement because Respondent had failed to appear; and on September 21, 2000, the court issued an order granting an injunction against harassment for three years because Respondent did not attend the rescheduled hearing.

II.

HRS § 604–10.5 empowers a district court to "enjoin and temporarily restrain harassment." Harassment is defined as

(1) Physical harm, bodily injury, assault, or the threat of imminent physical harm, bodily injury, or assault; or

(2) An intentional or knowing course of conduct directed at an individual that seriously alarms or disturbs consistently or continually bothers the individual, and that serves no legitimate purpose; provided that such course of conduct would cause a reasonable person to suffer emotional distress.

HRS § 604–10.5(a). As noted in *Coyle v. Compton,* 85 Hawai'i 197, 940 P.2d 404 (App. 1997), HRS § 604–10.5 allows for "[a]ny person who has been subjected to harassment" to petition for a TRO and an injunction from further harassment. *See id.* at 203, 940 P.2d at 410. Upon petition, the court "may temporarily restrain the person or persons named ... upon a determination that there is probable cause to believe that a past act or acts of harassment have occurred or that a threat or threats of harassment may be imminent." HRS § 604–10.5(e). This TRO may be issued "for a period not to exceed ninety days from the date the order is granted." HRS § 604–10.5(f). Upon the issuance of a TRO, the court must hold a hearing before issuing an injunction, receive all relevant evidence at the hearing, and determine whether clear and convincing evidence of harassment exists:

A hearing on the petition to enjoin harassment shall be held within fifteen days after the [TRO] is granted. In the event that service of the [TRO] has not been effected before the date of the hearing on the petition to enjoin, the court may set a new date for the hearing; provided that the new date shall not exceed ninety days from the date the [TRO] was granted.

The parties named in the petition may file or give oral responses explaining, excusing, justifying, or denying the alleged act or acts of harassment. *The court shall receive all evidence that is relevant at the hearing, and may make independent inquiry.*

*If the court finds by clear and convincing evidence that harassment as defined in paragraph (1) of that definition exists,* it may enjoin for no more than three years further harassment of the petitioner, or that harassment as defined in paragraph (2) of that definition exists, it shall enjoin for no more than three years further harassment of the petitioner[.]

HRS § 604–10.5(f) (emphasis added); *see also Ling v. Yokoyama,* 91 Hawai'i 131, 134, 980 P.2d 1005, 1008 (App.1999) ("the TRO provision ensures that the petitioner will have the benefit of a court order prohibiting harassment pending the hearing on the petition"); *Coyle,* 85 Hawai'i at 203–04, 940 P.2d at 410–11 ("In a hearing on a petition to enjoin harassment, the district court must find by 'clear and convincing evidence that harassment exists' in order to issue an injunction.").

III.

In the district court, default is ordinarily entered pursuant to DCRCP Rule 55 when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules[.]" DCRCP Rule 55(a). However, DCRCP Rule 81 specifically excludes the application of the DCRCP to "[a]ctions for relief from harassment maintained pursuant to HRS Section 604–10.5. . . ." DCRCP Rule 81(a)(4) (1996).

It would be possible for the district court to apply the DCRCP Rule 55 default provision if it followed Rule 31 of the Rules of District Courts of the State of Hawai'i (RDC), as allowed by DCRCP Rule 81(a). DCRCP Rule 81(a) states that, "[i]n other proceedings not governed by [DCRCP], Rule 31 of the [RDC] shall apply." Under RDC Rule 31 (1996), the district court may desig-

nate any one or more of the DCRCP to be applicable in a particular case.[3]

Because neither party objected to the applicability of the DCRCP at trial, it can be reasonably inferred that the court exercised its power under RDC Rule 31(a)(5) to apply DCRCP Rule 55.[4]

## IV.

■■■ Default could not be imposed for Respondent's failure to appear under these circumstances.[5] HRS § 604–10.5(f) mandates that the court *"shall* receive all evidence that is relevant at the hearing." The statute also requires the court to find by "clear and convincing evidence" that harassment occurred before issuing an injunction. In *Luat v. Cacho,* 92 Hawai'i 330, 991 P.2d 840 (App.1999), the Intermediate Court of Appeals noted that, "given the serious consequences that may flow from" an injunction order, a respondent is "statutorily and constitutionally entitled" to an evidentiary hearing. *Id.* at 346, 991 P.2d at 856. The plain language of the statute states in mandatory terms that a court "shall" hold an evidentiary hearing and find "clear and convincing evidence" that harassment, as defined in HRS § 604–10.5(a), exists before it may issue an injunction. Accordingly, we hold that default is not procedurally available when a respondent is ready to introduce evidence to controvert allegations of harassment under HRS § 604–10.5. Although Respondent failed to appear personally at the scheduled trial, her attorney was present on her behalf and was prepared to cross-examine Petitioner and present witnesses. Therefore, in the instant case, the court erred in issuing an injunction without allowing Respondent's counsel to present evidence and in failing to find by clear and convincing evidence that harassment existed.[6]

## V.

For the reasons stated above, we must conclude that the court abused its discretion in denying the motion to set aside.[7] Accord-

---

**3.** RDC Rule 31, titled "Proceedings not governed by district court rules of civil procedure," states:

(a) Procedure. Except as otherwise provided by statute or by other rules of court, where a civil proceeding is not governed by the [DCRCP]:

(1) The proceeding shall be commenced by petition;

(2) The petition shall be verified by the oath of the petitioner, or someone on the petitioner's behalf, deposing to the best of the petitioner's knowledge and belief;

(3) Service of the petition and order to show cause and any other process or order shall be made as provided by the [DCRCP];

(4) A return to the petition shall be made within the time ordered by the court, and if it presents an issue of fact, shall be supported by oath;

(5) *The court may designate and order that any one or more of the [DCRCP] shall be applicable in such case.*

(Emphasis added.)

**4.** We note, however, that a court which intends to order that a DCRCP rule apply should expressly state so for the record.

**5.** The court's order directing appearance at the court hearing stated:

YOU ARE COMMANDED to appear before the Presiding Judge of the above-entitled Court.... IF YOU *OR* YOUR ATTORNEY FAIL TO ATTEND AT THE TIME AND PLACE DESIGNATED, AN ·ORDER GRANTING PETI-

TION FOR INJUNCTION AGAINST HARASSMENT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION.

(Emphasis added.) (Capitalization in original.) The order is ambiguous inasmuch as it may be read as requiring either Respondent or her attorney to appear or that both must appear and, if one of them does not, the petition may be granted. In any event, default should not have been granted for the reasons set forth in Part IV. herein.

**6.** However, the court may assess reasonable attorney's fees and costs of continuing the hearing for the purpose of securing Respondent's presence, as well as for violating any court order. *See Bank of Hawai'i v. Kunimoto,* 91 Hawai'i 372, 387, 984 P.2d 1198, 1213 (1999) (stating that "Hawai'i circuit courts have the inherent power and authority to control the litigation process before them and to curb abuses and promote fair process[,] ... including[, for example,] the power to impose sanctions" (internal quotation marks and citation omitted)); *Compass Dev., Inc. v. Blevins,* 10 Haw.App. 388, 402, 876 P.2d 1335, 1342 (1994) (rather than dismissal of the case, a "[l]esser sanction[ ] against the [respondent] would better serve the interest of justice" (internal quotation marks and citations omitted)).

**7.** Because this holding is dispositive of Respondent's remaining contentions, we make no decision as to her other points of error.

ingly, we vacate the court's January 10, 2001 order denying Respondent's motion to set aside default and dissolve injunction and remand the case for further proceedings.