252 P.3d 58

Matthew MURASKO, Alane Podoll and Kyle Podoll, Petitioners,

v.

The Honorable Rhonda I.L. LOO, Judge of the District Court of the Second Circuit, State of Hawai'i; Pat Curell and Rosineli Curell, Respondents.

No. SCPW–11–0000030.

Supreme Court of Hawai'i.

March 7, 2011.

Brian R. Jenkins and J. Kevin Jenkins, for Petitioners.

Hayden Aluli, for Respondents, Pat Curell and Rosineli Curell.

Diane Erickson and Robyn B. Chun, Deputy Attorneys General, for Respondent The Honorable Rhonda L.L. Loo.

RECKTENWALD, C.J., NAKAYAMA, ACOBA, and DUFFY, JJ. and Circuit Judge NACINO, assigned by reason of vacancy.

PER CURIAM.

In this original proceeding, petitioners Matthew Murasko, Alane Podoll, and Kyle Podoll petition this court for a writ of mandamus directing respondent the Honorable Rhonda I.L. Loo (the respondent judge) to vacate a November 17, 2010 order granting respondents Pat Curell and Rosineli Curell a new trial on petitioners' petition for an injunction against harassment. The respondent judge granted a new trial after extending the ten-day period for seeking such relief under District Court Rules of Civil Procedure (DCRCP) Rule 59(b).

Based on the following, we hold that DCRCP Rule 6(b) prohibits a trial court from extending the ten-day period for moving for a new trial under DCRCP Rule 59(b). Consequently, we grant the petition for a writ of mandamus and vacate the respondent judge's November 17, 2010 order granting a new trial.

## I. *Background*

On July 19, 2010, Haiku, Maui residents Matthew Murasko, wife Alane Podoll, and Alane's father, Kyle Podoll (collectively the Muraskos) filed a Petition for an Ex–Parte Temporary Restraining Order and for an Injunction Against Harassment pursuant to Hawaii Revised Statutes (HRS) § 604–10.5 (Supp.2009).[1] The petition was filed against the Muraskos' adjacent neighbors, Pat Curell and Rosineli Curell (the Curells). The petition alleged that the Curells were harassing the Muraskos by depositing trash and construction debris along the Muraskos' fence, burning construction lumber that emitted noxious fumes and smoke into the Muraskos' home, posting messages on the Muraskos' fence, and emailing the Muraskos.

The Muraskos' petition was reviewed by the respondent judge, who issued, on July 19, 2010, an ex parte order temporarily restraining the Curells from engaging in the conduct alleged in the petition until a hearing on the petition on August 2, 2010.

1.  **HRS § 604–10.5 Power to enjoin and temporarily restrain harassment.**

    . . . .

    (c) Any person who has been subjected to harassment may petition the district court of

The Muraskos appeared with counsel at the August 2, 2010 hearing. The Curells appeared *pro se.* The Muraskos, through Alane, testified about the matters that formed the basis of the July 19, 2010 petition, which included testimony that the message posting and emailing had been the subject of a mediation wherein the Curells had agreed to refrain from such conduct. The Curells testified in their own defense. They had filed, on July 28, 2010, a response denying all of the Muraskos' allegations of harassment.

The respondent judge found in favor of the Muraskos at the conclusion of the August 2, 2010 hearing and granted the July 19, 2010 petition. The Curells were enjoined, for a period of three years, from personally contacting and communicating with the Muraskos, depositing debris and messages on the Muraskos' fence, and burning fires within fifteen feet of the Muraskos' home. An order to this effect was entered on August 10, 2010.

On August 12, 2010, the Curells filed an "Ex Parte Motion to Extend Time for Filing Post–Verdict Motions." The motion was filed by attorney Hayden Aluli, who stated that: (1) he was retained by the Curells on August 5, 2010, and (2) he was "unable to file any post-verdict motions under [DCRCP] Rules 59 and 60 because [he] was taking vacation beginning August 11, 2010 and returning to work on August 18, 2010." He requested an extension of time until September 1, 2010 to file post-verdict motions. The respondent judge granted the extension by the following order entered on August 12, 2010.

## *ORDER*

GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED that the time period for filing any post-verdict motions under [DCRCP] Rules 59 and 60 shall be, and is extended . . . to and including September 1, 2010.

the district in which the petitioner resides for a temporary restraining order and an injunction from further harassment.

On September 1, 2010, the Curells, through Aluli, filed a "Motion for Dismissal or Directed Verdict or in the Alternative for a New Trial." The motion was "made pursuant to [DCRCP] Rules 59 and 60" and sought a dismissal, directed verdict, or a new trial on the Muraskos' injunction petition on the grounds that the August 10, 2010 injunction order was based on inadmissible evidence of mediation proceedings and inadmissible hearsay evidence.

The Muraskos countered that the Curells could not be granted relief pursuant to DCRCP Rules 59 or 60. They argued that: (1) a new trial pursuant to DCRCP Rule 59(b) could not be granted because DCRCP Rule 6(b) prohibited the respondent judge from extending the time for moving for a new trial, such that the September 1, 2010 motion for new trial—filed more than ten days after entry of the August 10, 2010 injunction order—was untimely, and (2) dismissal or a directed verdict pursuant to DCRCP Rule 60 could not be granted because there was no newly discovered evidence, nor evidence of fraud, misrepresentation, or other misconduct justifying relief from the injunction order.

The Curells' September 1, 2010 motion was heard by the respondent judge on October 2, 2010. The Curells rebutted the Muraskos' DCRCP Rule 6(b) argument by arguing that the rule did not prohibit an extension of the ten-day period for filing a DCRCP Rule 59(b) motion for new trial because DCRCP Rule 81(a)(4) provides that the DCRCP does not apply to HRS § 604–10.5 injunction proceedings. They argued that even if DCRCP Rule 81(a)(4) therefore prevented the respondent judge from granting them relief under DCRCP Rules 59 and 60, the respondent judge had the "inherent power" to grant them relief from the August 10, 2010 injunction order. They alternatively argued that the Rules of the District Court (RDC) Rule 31(a)(5) allowed the respondent judge to apply the DCRCP in the HRS § 604–10.5 proceeding, if she desired.

The Muraskos, in response, reiterated that DCRCP Rule 6(b) prohibited an extension of the ten-day period for moving for a new trial. They asked the respondent judge to deter-mine whether or not she would be applying the DCRCP to their injunction proceeding. The respondent judge answered by stating that she was "well aware that [a] Rule 59 [motion] [is] supposed to be made within ten days," "[Aluli] file[d][the] ex parte motion to extend time within ten days of the [filing of the] [August 10, 2010 injunction order]," and she "accepted the explanation [for an extension of time] given by [Aluli]" and "signed off on the ex parte motion to extend time." She thereupon directed the parties to proceed with the merits of the Curells' September 1, 2010 motion and, after hearing the parties' arguments, granted the Curells a new trial because of the "references made by both parties [at trial] to the mediated agreement." The respondent judge thereupon vacated the August 10, 2010 injunction order and entered a new temporary restraining order.

An order granting a new trial was entered on November 17, 2010. The new trial had been scheduled for November 15, 2010, but had been taken off the calendar when the Muraskos gave notice that they would seeking mandamus relief from the granting of a new trial.

The Muraskos petitioned this court for mandamus relief on January 18, 2011. They argue that they are entitled to mandamus relief because the respondent judge granted the Curells a new trial after improperly extending the ten-day limit for seeking such relief and because the granting of a new trial is not immediately appealable.

The respondent judge and the Curells were directed to answer the Muraskos' petition. In answering, they argue that: (1) DCRCP Rule 6(b) did not prohibit the respondent judge from extending the time for filing the Curells' motion for new trial because, pursuant to DCRCP Rule 81(a)(4), the DCRCP did not apply to the HRS § 604–10.5 injunction proceeding, and (2) the respondent judge had the inherent authority to grant the Curells a new trial. The Curells additionally argue that: (1) even if the DCRCP applied to the injunction proceeding, the extension of time to file a motion for new trial was properly granted because the extension was sought and granted within DCRCP Rule 59(b)'s ten day period, and (2) the Muraskos

can seek appellate review of the granting of the new trial by proceeding with the new trial and, if they fail to prevail, by appealing from the judgment.

## II. *Standard for Disposition*

"The supreme court shall have jurisdiction and power ... to exercise original jurisdiction in all questions arising under writs directed to courts of inferior jurisdiction and returnable before the supreme court." HRS § 602–5(3) (Supp.2010).

A writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action. *Kema v. Gaddis,* 91 Hawai'i 200, 204, 982 P.2d 334, 338 (1999). Such writs are not intended to supersede the legal discretionary authority of the lower courts, nor are they intended to serve as legal remedies in lieu of normal appellate procedures. *Id.*

## III. *Discussion*

A. *RDC Rule 31(a)(5) Permits The District Court To Entertain A DCRCP Rule 59(b) Motion For New Trial In An HRS § 604–10.5 Injunction Proceeding.*

■ "[The DCRCP] shall not apply to ... [a]ctions for relief from harassment maintained pursuant to HRS Section 604–10.5, as the same may be renumbered." DCRCP Rule 81(a)(4). However, "[w]here a civil proceeding is not governed by the [DCRCP] ... [t]he court may designate and order that any one or more of the [DCRCP] shall be applicable in such case." RDC Rule 31(a)(5). "[A] court which intends to order that a DCRCP rule apply should expressly state so for the record." *Chang v. Berc,* 101 Hawai'i 167, 170 n. 4, 64 P.3d 948, 951 n. 4 (2003).

The Muraskos' district court action was an action for relief from harassment pursuant to HRS § 604–10.5 to which the DCRCP did not apply. The respondent judge, without expressly stating for the record, exercised her power under RDC Rule 31(a)(5) to apply

the DCRCP when she approved the Curells' ex parte motion for an extension of time to file "post-verdict motions" pursuant to "[DCRCP] Rules 59 and 60," when she explained at the October 2, 2010 hearing that she had granted the Curells an extension of the ten-day deadline to file a postjudgment motion under DCRCP Rule 59, and when she granted the Curells' motion for new trial "made pursuant to [DCRCP] Rule 59." The record clearly shows that the new trial was granted pursuant to DCRCP Rule 59(b), and not pursuant to the respondent judge's inherent authority.

B. *The Ten–Day Period For Filing A Motion For New Trial Pursuant To DCRCP Rule 59(b) Is Mandatory And May Not Be Enlarged To Any Extent Or Under Any Conditions.*

■ "A motion for new trial shall be served not later than 10 days after the entry of the judgment." DCRCP Rule 59(b).

"When by [the DCRCP] ... an act is required ... to be done at or within a specified time, the court for cause shown may at any time in its discretion [ ] with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed ...; *but it may not extend the time for taking any action under Rules 52(b), 59(b), (d) and (e) and 60(b) of [the DCRCP] and Rule 4(a) of the Hawai'i Rules of Appellate Procedure, except to the extent and under the conditions stated therein.*" DCRCP Rule 6(b) (underscoring added).

DCRCP Rule 59(b) contains no provision for extending—to any extent or under any conditions—the ten-day period for serving a motion for new trial.

DCRCP Rules 59 and 6(b) are identical to Federal Rules of Civil Procedure (FRCP) Rules 59 and 6(b). "[T]he time to move under [FRCP] Rule 59 for a new trial ... may not be enlarged by the district court, nor may the district court, on its own motion, order a new trial later than ten days after the entry of judgment."[2] 4B Charles Alan

---

2. DCRCP Rule 59(d)(1) provides that "[n]ot later

than 10 days after entry of judgment the court of

Wright & Arthur R. Miller, *Federal Practice and Procedure:* Civil 3d § 1167 at 563–64 (2002).

The Curells' August 12, 2010 ex parte motion for an extension of time to file a DCRCP Rule 59(b) motion for new trial, filed two days after entry of the August 10, 2010 injunction order, was filed before expiration of the ten-day period for moving for a new trial. Nonetheless, DCRCP Rule 6(b) explicitly prohibited the respondent judge from extending the ten-day period, even though the respondent judge found that good cause for the extension was shown. By exercising her power to apply DCRCP Rule 59(b) to the Muraskos' injunction case, the respondent judge could not permit the Curells to seek postjudgment relief pursuant to DCRCP Rule 59(b) by disregarding DCRCP Rule 6(b)'s restriction on the enlargement of DCRCP Rule 59(b)'s ten-day time limitation.[3]

■ The Curells were granted a new trial pursuant to their September 1, 2010 postjudgment motion served and filed twenty-two days after entry of the August 10, 2010 injunction order. The motion referenced DCRCP Rules 59 and 60, but the motion—which sought a new trial based on alleged violations of the Hawai'i Rules of Evidence on mediation proceedings and hearsay—was substantively a motion under DCRCP Rule 59(b) filed after the ten-day period prescribed by the rule. The ten-day period cannot be avoided by the motion's reference to DCRCP Rule 60. *See* 12 James Wm. Moore et al., *Moore's Federal Practice,* § 59.11[4][a] at 35–36 (3d. ed 2009) ("The court may not use Rule 60(a) to enlarge the time limitations for a motion that should properly be made under Rule 59, nor can a party characterize a motion as one under

Rule 60(a) to avoid the strict time limitations of Rule 59 if the motion is substantively one that should properly be made under Rule 59.").

### C. *An Order Granting A New Trial Is Reviewable Through An Extraordinary Writ.*

■ "In general, an order granting a new trial is interlocutory and destroys the finality of the judgment; as such an order granting a new trial is not an appealable order. . . . In such a case, neither party ordinarily may appeal until after a final judgment is entered on retrial. However, on occasion courts have treated the grant of a new trial as a final appealable order when the court's authority to issue the new trial order is challenged. Because this line of authority undermines the concept of finality, however, the better view is that appellate review should be available, if at all, through an extraordinary writ, if the losing party does not wish to wait for the subsequent entry of a final judgment. An extraordinary writ enables the appellate court to review orders granting a new trial that are not appealable." 12 *Moore's Federal Practice,* § 59.50 at 133–34.

■ We adopt Professor Moore's view that an order granting a new trial is reviewable through an extraordinary writ. The respondent judge's November 17, 2010 order granting a new trial is an interlocutory order in the underlying injunction case. The order is not immediately appealable and is reviewable in this original proceeding for a writ of mandamus.

### IV. *Conclusion*

DCRCP Rule 6(b) prohibited the respondent judge from enlarging the time for filing

---

its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party."

**3.** The Curells argue that the respondent judge's enlargement of DCRCP Rule 59(b)'s ten-day time limitation is supported by federal law—*Thompson v. Immigration Service,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964), *Wolfsohn v. Hankin,* 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964), and *Yanow v. Weyerhaeuser Steamship Co.,* 274 F.2d 274 (9th Cir.1958)—cited by the Hawai'i Intermediate Court of Appeals in

*Escritor v. Maui Council,* 2 Haw.App. 200, 203–04, 629 P.2d 1146, 1148–49 (1981). However, the trial court's authority to enlarge the ten-day time limitation for filing a motion for new trial was not the issue in *Thompson, Wolfsohn,* and *Yanow.* Rather, the issue in those cases was whether the time for filing a notice of appeal was tolled, under FRCP Rule 73(a), by a motion for new trial filed more than ten days after entry of judgment, where the trial court allowed the appellant to file the motion for new trial beyond the ten-day period prescribed by FRCP Rule 59(b).

a motion for new trial pursuant to DCRCP Rule 59(b). Petitioners have a clear and indisputable right to relief from the November 17, 2010 order granting a new trial pursuant to a motion that was not filed within the time prescribed by DCRCP Rule 59(b).

The petition for a writ of mandamus is granted. The November 17, 2010 order granting a new trial is vacated. The August 10, 2010 order granting the petition for an injunction against harassment is reinstated, *nunc pro tunc* to August 10, 2010.